(803 P.2d 577)

No. 64,964

STATE OF KANSAS, *Appellant*, v. DANIEL R. LEROY, *Appellee*.

Opinion filed December 21, 1990.

*Paul J. Hickman*, assistant county attorney, *Ronald L. Hodgson*, assistant county attorney, and *Robert T. Stephan*, attorney general, for the appellant.

*Michael S. Holland*, of Russell, for the appellee.

Before BRISCOE, C.J., RULON, J., and PAUL E. MILLER, District Judge, assigned.

MILLER, J.: This is an interlocutory appeal by the State from the trial court's suppression of evidence regarding defendant Daniel Leroy's refusal to submit to a breathalyzer test after his arrest for driving while under the influence of alcohol.

On October 28, 1989, defendant was stopped on Highway 56 in Barton County. The arresting officer, Sergeant Causey, had observed defendant's car cross the center line several times. Upon asking defendant for his driver's license, Causey noticed the smell of alcohol. He formed the opinion that defendant was intoxicated based upon the odor, the fact that defendant's car had crossed the center line numerous times, and the fact that defendant had difficulty producing his driver's license.

Upon being asked by Causey to step from the car, defendant refused, stating he was not under arrest. The officer told defendant to consider himself under arrest and to get out of the car. Upon being asked to take the standard coordination tests and to answer certain questions, defendant again refused. At that point, Causey gave defendant the *Miranda* warnings and handcuffed him. Defendant testified that he immediately requested to speak to his attorney.

After transporting defendant to the sheriff's office, Causey sought defendant's consent to submit to the breath test. Causey read the consent form and defendant again requested his attorney. Defendant testified Causey told him he had no right to an attorney prior to taking the test. Defendant then refused to take the test.

Prior to trial, defendant moved to suppress the evidence of his refusal to take the breath test. He argued the conversation about the breath test and the request that he take the test were after he had requested counsel and violated his right to counsel. The trial court agreed, basing its decision primarily on *State v. Hartfield*, 245 Kan. 431, Syl. ¶ 4, 781 P.2d 1050 (1989).

The State argues defendant's refusal to submit to the breath test should be admissible evidence. The basis for this argument is twofold. The primary emphasis of the State is that defendant's Fifth Amendment rights were not violated. The State contends that asking defendant to submit to a breath test was not custodial interrogation and, therefore, did not violate defendant's right to

an attorney. The second contention is that defendant had no Sixth Amendment right to counsel at that stage of the investigation since requesting a breath test is not classified as a critical stage of the proceedings. At oral argument, counsel for defendant advised us that defendant relies solely upon his Fifth Amendment right to counsel and no Sixth Amendment issue is involved. Accordingly, we have considered only Fifth Amendment issues.

Defendant contends the evidence should be suppressed because, once a person has been taken into custody and has requested counsel, *all* questioning of that person, including a request to submit to a breath test, must cease until counsel is present.

In the present case, there is no dispute over the facts. Both sides agree defendant requested an attorney and that Causey asked defendant to submit to a breath test prior to honoring defendant's request. The dispute in this case is over the trial court's conclusions of law and, thus, this court's review is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

In the landmark case of *Miranda v. Arizona*, 384 U.S. 436, 444, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966), the United States Supreme Court held the prosecution cannot use statements, whether inculpatory or exculpatory, stemming from custodial interrogation, unless it proves that procedural safeguards were used to secure defendant's privilege against self-incrimination. These safeguards included informing the person in custody, prior to interrogation, of his Fifth Amendment rights to remain silent, to consult with an attorney, and to have an attorney present during interrogation. Further, if the person in custody states that he wants an attorney, all questioning must cease until the attorney is present. 384 U.S. at 445.

In order to apply the law of *Miranda*, two factors must be understood. First, once a person is taken into custody, he must be read his rights. One of those rights is that the accused has a right to counsel and, if the accused requests counsel, " 'the interrogation must cease until an attorney is present.' " *Edwards v. Arizona*, 451 U.S. 477, 482, 68 L. Ed. 2d 378, 101 S. Ct. 1880, *reh. denied* 452 U.S. 973 (1981). Second, the right to be

free from questioning until counsel arrives applies only to custodial interrogation. See *Miranda*, 384 U.S. at 444.

The Court in *Miranda* attempted to define custodial interrogation. According to the Court, custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444. Over the years, this definition has been further clarified to separate communicative testimony from real or physical evidence. Communicative testimony is protected by the privileges provided in the Fifth Amendment; real or physical evidence is not protected. *Schmerber v. California*, 384 U.S. 757, 764, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966). In distinguishing between communicative testimony and real or physical evidence, the court in *Schmerber* held that the taking of blood samples for the purpose of determining intoxication was not communicative testimony. 384 U.S. at 765.

As a result of the Supreme Court's definition of custodial interrogation, the State argues the request to take a breath test was not interrogation and, therefore, defendant did not have a Fifth Amendment right to counsel. Defendant offers two responses. First, he claims interrogation includes any questions initiated by an officer after a person is taken into custody. Second, he contends, once a person is arrested, he or she has an immediate right to the presence of counsel.

Defendant is wrong in asserting that any questioning initiated by a law enforcement officer qualifies as interrogation. The case law following *Miranda* makes it very clear that only questioning which rises to the level of custodial interrogation is protected. See *Edwards*, 451 U.S. at 481-82. The case law also makes it clear that there is a distinction between real evidence and communicative testimony and that blood tests for intoxication are real evidence. *Schmerber*, 384 U.S. at 764. Because real evidence does not rise to the level of custodial interrogation, as it does not require the accused to communicate any personal beliefs or knowledge of facts, defendant did not have a Fifth Amendment right to counsel. See *Pennsylvania v. Muniz*, 496 U.S. ____, 110 L. Ed. 2d 528, 110 S. Ct. 2638 (1990).

Further, defendant is wrong in asserting that, simply because he has been taken into custody, he has the immediate right to an attorney. The Fifth Amendment right to an attorney only applies to prevent an accused from self-incrimination in situations where he or she is being interrogated. See *Schmerber*, 384 U.S. at 767; *Miranda*, 384 U.S. 436.

Defendant cites extensive authority for the proposition that "all questioning must cease" once counsel is requested. However, a close reading of the authorities cited does not indicate that absolutely all questions must cease, but rather only those that meet the definition of custodial interrogation. See *Muniz*, 496 U.S. _____; *Edwards*, 451 U.S. 477; *Miranda*, 384 U.S. 436; *Hartfield*, 245 Kan. at 435-36.

Defendant also refers us to cases which generally state that *any* questioning initiated by a law enforcement officer after a person is taken into custody is custodial interrogation. Once again, however, a closer reading of the cases does not dictate that all questioning is custodial interrogation. See *Miranda*, 384 U.S. 436; *State v. Jones*, 246 Kan. 214, 216-17, 787 P.2d 726 (1990); *State v. Bohanan*, 220 Kan. 121, 127-29, 551 P.2d 828 (1976). Only questions that require suspects to communicate any personal beliefs or knowledge of facts meet the definition of communicative testimony that qualifies as custodial interrogation. *Muniz*, 496 U.S. _____.

Based on *Miranda* and its progeny, it is clear that Causey's request that defendant submit to a breath test did not qualify as custodial interrogation. Because the taking of physical evidence to determine intoxication does not classify as custodial interrogation, defendant's Fifth Amendment privileges were not invoked and he had no right to an attorney. Thus, his refusal to submit to the requested test was properly admitted.

Reversed and remanded for trial.