(163 P.3d 311)
No. 97,134

STATE OF KANSAS, *Appellant*, v. JASON TEDDER, *Appellee.*

—

Opinion filed July 20, 2007.

*Karen S. Smart*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Phill Kline*, attorney general, for appellant.

*Richard E. Oswalt*, of Hutchinson, for appellee.

Before RULON, C.J, GREENE, J., and KNUDSON, S.J.

KNUDSON, J.: This is an interlocutory appeal by the State from an order of the district court suppressing evidence in a driving under the influence (DUI) prosecution. The controlling facts are not in material dispute. A Reno County deputy sheriff observed Jason Tedder's truck stopped at an intersection. Tedder was asleep at the wheel; the truck was running and still in gear. The deputy opened the truck door and noticed a strong smell of alcohol. There

was an open beer can on the truck's console. Tedder was arrested for illegal transportation of liquor, taken to the police station, and given *Miranda* warnings. He refused to perform field sobriety tests and asked to speak to an attorney. Tedder was then given the oral and written notices required in K.S.A. 8-1001(f) and agreed to the breath test. After the test results were obtained, Tedder was formally arrested for DUI. At the subsequent suppression hearing, the district court suppressed the results of the breath test, reasoning Tedder's constitutional right to consult with an attorney before taking the breath test had been violated. The State appeals, contending Tedder did not have a constitutional right to consult with an attorney prior to taking the breath test.

We reverse the suppression order and remand this case to the district court for trial proceedings.

*Analysis*

When the material facts to the district court's decision on a motion to suppress are not in dispute, the question of whether to suppress is a question of law over which this court has unlimited review. *State v. Porting*, 281 Kan. 320, Syl. ¶ 2, 130 P.3d 1173 (2006).

There is no constitutional right to consult with an attorney prior to submitting to or refusing a breath test. K.S.A. 8-1001(f)(C); *Standish v. Department of Revenue*, 235 Kan. 900, Syl. ¶ 5, 683 P.2d 1276 (1984). In addition, asking a defendant whether he or she will submit to a test does not constitute custodial interrogation. *State v. Leroy*, 15 Kan. App. 2d 68, Syl. ¶ 3, 803 P.2d 577 (1990). We conclude the district court's order suppressing the results of the test because Tedder's constitutional rights were violated is legally untenable.

On appeal, Tedder argues his *statutory right* to consult with an attorney was violated. We acknowledge that under K.S.A. 8-1001(f)(I) Tedder had the right to consult with an attorney after completion of the test. However, he failed to invoke his right to counsel after performing the breath test.

We hold a request for counsel must be made after completion of the breath test before there can be a violation of a defendant's

statutory right to confer with an attorney. In support of our holding, see *Schulz v. Kansas Dept. of Revenue,* 19 Kan. App. 2d 665, 670, 877 P.2d 1 (1993); *State v. Kelly,* 14 Kan. App. 2d 182, 188-89, 786 P.2d 623 (1990). Also persuasive are *Nelson v. Kansas Dept. of Revenue,* No. 92,979, unpublished opinion filed August 19, 2005, slip. op. at 5-6; and *State v. Nodgaard,* No. 95,747, unpublished opinion filed January 12, 2007, slip op. at 7 (defendant was properly notified of the right to counsel after completion of the breath test, but defendant failed to request counsel after completion).

Reversed and remanded with directions.