IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 106,748

ROBERT BLAKE DUMLER,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee.*

SYLLABUS BY THE COURT

1.

Under Kansas' Implied Consent Law, any person who operates a vehicle within this state is deemed to have given consent to submit to one or more tests of the person's blood, breath, urine, or other bodily substance to determine the presence of alcohol or drugs, provided that the person has been given certain mandatory notices before a law enforcement officer administers such a test.

2.

The mandatory implied consent notices that must be given to a person before a law enforcement officer can administer a drug or alcohol test include the advice that there is no constitutional right to consult with an attorney regarding whether to submit to testing, but that after the completion of the testing, the person has the right to consult with an attorney and may secure additional testing.

3.

The scope of an administrative hearing on a driver's license suspension is restricted to those issues set forth in K.S.A. 2009 Supp. 8-1020(h). Whether a driver has been denied her or his statutory right to consult with an attorney after alcohol or drug

1

testing is germane to those issues permitted to be addressed at a driver's license suspension administrative hearing.

4.

A person who has been given the implied consent advisory notice that he or she has the right to consult with an attorney after completion of the alcohol or drug testing, may invoke that post-testing right prior to testing. The only statutory constraint on the right to counsel in the Implied Consent Law involves when the person may actually communicate with a lawyer, *i.e.*, after the completion of the alcohol or drug testing.

5.

The statutorily mandated implied consent advisory under K.S.A. 2009 Supp. 8-1001(k)(10)—that after the completion of alcohol or drug testing the person has the right to consult with an attorney—does not restrict the subject matter of the attorney consultation to which the person is entitled.

6.

In a driver's license suspension administrative hearing, if the district court finds that the driver requested, but was denied, counsel pursuant to the statutory right to counsel contained in K.S.A. 2009 Supp. 8-1001(k)(10), the proper remedy is to suppress the State's testing results.

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 28, 2012. Appeal from Russell District Court; JACK L. BURR, judge. Opinion filed July 24, 2015. Judgment of the Court of Appeals affirming the district court is remanded with directions. Judgment of the district court is remanded with directions.

*Michael S. Holland II*, of Holland and Holland, of Russell, argued the cause and was on the brief for appellant.

2

*John D. Shultz*, of Kansas Department of Revenue, argued the cause, and *James G. Keller*, of the same office, was on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.:  Robert Blake Dumler challenges the administrative suspension of his driving privileges based on driving under the influence of alcohol. Dumler contends he was denied his statutory right under K.S.A. 2009 Supp. 8-1001(k)(10) to consult with an attorney after he completed a breath alcohol test. The district court and Court of Appeals affirmed Dumler's administrative suspension after concluding that his pre-test request for counsel was insufficient to invoke his statutory right. We granted Dumler's petition for review and now hold that there is no bright-line rule requiring a person to invoke his or her statutory right to counsel after the completion of breath or blood alcohol testing, so long as the request pertained to post-testing consultation. We remand to the district court to apply the standard we set forth in this opinion.

FACTUAL AND PROCEDURAL OVERVIEW

The facts relevant to Dumler's issue on appeal were established at a de novo hearing in the district court and are not in material dispute. On April 17, 2010, a law enforcement officer stopped Dumler for committing a traffic violation, which led to his arrest for driving under the influence (DUI). The officer transported Dumler to the sheriff's office and provided Dumler with the implied consent notices under K.S.A. 2009 Supp. 8-1001(k)(1) through (10), before requesting that he submit to a breath alcohol test. One of the implied consent notices informed Dumler that he had the right, after the completion of testing, to consult with an attorney and secure additional testing. The officer also read Dumler his *Miranda* rights, which, of course, include the right to an attorney.

3

The Court of Appeals opinion related that "[o]n several occasions before the breath test was administered Dumler requested that he be permitted to confer with an attorney," with the last request coming after the oral and written implied consent advisories and the *Miranda* warnings. *Dumler v. Kansas Dept. of Revenue*, No. 106,748, 2012 WL 4679128, at *1 (Kan. App. 2012) (unpublished opinion), *rev. granted* 298 Kan. 1201 (2014). The arresting officer acknowledged that he never gave Dumler an opportunity to confer with an attorney. Dumler did not repeat his request for an attorney or request additional testing after his breath test failure. The arresting officer provided Dumler with an officer's certification and notice of suspension of driving privileges and apparently placed him in a holding cell, where he remained for an hour or so before posting bond and being released.

Dumler made a timely request to the Kansas Department of Revenue (KDR) for an administrative hearing where he argued that his statutory right to counsel was violated. After the KDR hearing officer affirmed Dumler's suspension, he petitioned the district court for review. The Court of Appeals described the district court's disposition as follows:

"The district court found that although the better practice would have been to allow Dumler access to an attorney after the breath test was completed, suspension of his driving privileges should be upheld because the arresting officer complied with paragraph 9 of the implied consent advisories [enumerating statutory right to counsel] and Dumler did not ask to speak with an attorney after the breath test failure." *Dumler*, 2012 WL 4679128, at *1.

The Court of Appeals majority affirmed the district court based on the timing of Dumler's requests to consult with an attorney. Because Dumler did not ask to consult

4

with an attorney *after* he failed the breath test, he had not invoked his statutory right to an attorney and, accordingly, that right was not violated. *Dumler*, 2012 WL 4679128, at *3.

Judge Atcheson disagreed with the majority's bright-line rule that a driver can invoke the statutory right to an attorney only after completion of the alcohol testing because the statute simply does not contain that restriction. 2012 WL 4679128, at *3 (Atcheson, J., concurring). Nevertheless, Judge Atcheson concurred in the result because of his belief that the governing statutes provide no remedy for violation of the statutory right to counsel. 2012 WL 4679128, at *5 (Atcheson, J., concurring).

Dumler timely petitioned this court for review.

STATUTORY RIGHT TO COUNSEL

Under Kansas' Implied Consent Law, "[a]ny person who operates . . . a vehicle within this state is deemed to have given consent, subject to the provisions of this act, to submit to one or more tests of the person's blood, breath, urine or other bodily substance to determine the presence of alcohol or drugs." K.S.A. 2009 Supp. 8-1001(a). But the statute provides that a "person shall be given" certain mandatory notices before a law enforcement officer administers such a test. See K.S.A. 2009 Supp. 8-1001(k); *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 212-13, 755 P.2d 1337 (1988) (holding notices required before DUI arrestee must submit to a breath test are mandatory).

The notices advise, *inter alia*, that "there is no constitutional right to consult with an attorney regarding whether to submit to testing." K.S.A. 2009 Supp. 8-1001(k)(3). But the notices also provide that "after the completion of the testing, *the person has the right to consult with an attorney* and may secure additional testing, which, if desired, should be done as soon as possible and is customarily available from medical care facilities willing

5

to conduct such testing." (Emphasis added.) K.S.A. 2009 Supp. 8-1001(k)(10). Dumler asserts he was denied the subsection (k)(10) post-testing right to consult with an attorney.

*Scope of Review*

Our first consideration is whether Dumler's issue is one that can be raised in the proceeding before us. We have held that K.S.A. 2009 Supp. 8-1020(h) "circumscribes the scope of an administrative hearing on a driver's license suspension, setting forth an exclusive list of issues that may be addressed." *Swank v. Kansas Dept. of Revenue*, 294 Kan. 871, 875, 281 P.3d 135 (2012).

Where, as here, the officer certifies that the person failed a breath test, the scope of the hearing includes the issue of whether "the test result determined that the person had an alcohol concentration of .08 or greater in such person's breath." K.S.A. 2009 Supp. 8-1020(h)(2)(G). A driver must be permitted the opportunity of challenging the efficacy of the State's evidence on this issue. Accordingly, the denial of the driver's statutory right to consult with an attorney about procuring an additional test is germane to the inquiry under subsection (h)(2)(G). The relevance of this opportunity is reinforced by K.S.A. 8-1004, which provides:

> "Without limiting or affecting the provisions of K.S.A. 8-1001 . . . the person tested shall have a reasonable opportunity to have an additional test by a physician of the person's own choosing. In case the officer refuses to permit such additional testing, the testing administered pursuant to K.S.A. 8-1001 . . . shall not be competent in evidence."

If a test is not competent evidence, it cannot be used to determine whether the person "had an alcohol concentration of .08 or greater" under K.S.A. 2009 Supp. 8-1020(h)(2)(G). Accordingly, we hold that the denial of a driver's statutory right to consult with an attorney after alcohol testing is an appropriate issue to be addressed at a driver's

6

license suspension administrative hearing. Because the issue is within the scope of the administrative hearing, it is likewise within our scope of review. *Sloop v. Kansas Dept. of Revenue*, 296 Kan. 13, 17, 290 P.3d 555 (2012) (holding issues within scope of administrative hearing are "within the reviewing court's purview"). Therefore, we will proceed to the merits of Dumler's argument.

*Standard of Review*

Because the material facts are undisputed, resolution of the issue before us hinges upon our interpretation of the Implied Consent Law, K.S.A. 2009 Supp. 8-1001 *et seq*. Statutory interpretation is a question of law subject to unlimited to review. See, *e.g.*, *Milano's, Inc. v. Kansas Dept. of Labor*, 296 Kan. 497, 500, 293 P.3d 707 (2013).

*When a person must invoke the statutory right to counsel*

We begin by considering the timing of the request, *i.e.*, when a person must invoke the statutory right to counsel. Dumler asserts that a pre-test request for counsel is sufficient to invoke the statutory right and, therefore, it was irrelevant that he did not repeat his request for counsel after he failed the breath test. He relies on *State v. Kelly*, 14 Kan. App. 2d 182, 191-92, 786 P.2d 623 (1990), and *State v. Lynch*, No. 85,915 (Kan. App. 2001) (unpublished opinion).

In *Kelly*, a panel of the Court of Appeals held that Kelly's statutory right to consult with counsel under the Implied Consent Law was violated. 14 Kan. App. 2d at 190. In that case, however, the driver had requested an attorney both before and *after* completing a breath test. *Lynch*, on the other hand, is factually similar with respect to the timing of the request for counsel. Lynch requested counsel before he took his breath test, but then he did not renew the request after testing. The *Lynch* panel held "[t]he fact that Lynch requested counsel before, rather than after, the test was administered is of no moment.

His right to counsel attached immediately after completing the test, and he previously expressed his desire to exercise that right." Slip op. at 4.

Here, the panel majority rejected Dumler's reliance on *Lynch* in favor of the interpretation of the statutory right to counsel expressed in *State v. Tedder*, 38 Kan. App. 2d 141, 142-43, 163 P.3d 311 (2007). As in this case, Tedder had asked to speak with an attorney before completing a breath test but then did not ask again after completing the test. The *Tedder* panel opined that "a request for counsel must be made after completion of the breath test before there can be a violation of the defendant's statutory right to confer with an attorney." 38 Kan. App. 2d at 142-43. Based on that reasoning, the majority below held that because Dumler did not reiterate his request for counsel post-testing, his statutory right to counsel was not violated. *Dumler*, 2012 WL 4679128, at *2-3.

As in the *Lynch* opinion, Judge Atcheson's concurrence pointed out that a bright-line timing rule cannot be found in the plain language of the statute. See *In re Tax Appeal of Burch*, 296 Kan. 713, 722, 294 P.3d 1155 (2013) ("[I]n reviewing a statute that is plain and unambiguous we will not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it."). The concurrence further opined that the only statutory restriction on the right to counsel involves "when the person may actually communicate with a lawyer." *Dumler*, 2012 WL 4679128, at *3 (Atcheson, J., concurring). We agree. The advisory required under K.S.A. 2009 Supp. 8-1001(k)(10) states that the consultation right accrues "after the completion of the testing." But it does not say that a request to invoke that right of consultation must await the completion of testing.

Moreover, the plain language of the advisory tells the person that, after testing, he or she "has the *right to consult* with an attorney." (Emphasis added.) K.S.A. 2009 Supp.

8

8-1001(k)(10). The right is stated affirmatively and is not conditioned upon the person making a post-testing request. The State would apparently expect a layperson to intuit that the advisory actually means that, after the testing, the person has the *right to request* that he or she be allowed to consult with an attorney. We decline to contort the statutory language in that manner.

Consequently, we reject the court-made, bright-line timing rule set forth in *Tedder* and applied by the majority below. A person may invoke his or her post-testing right to consult with an attorney prior to testing.

*Whether Dumler requested post-testing consultation*

The district court appeared to view the post-testing right to counsel as only being applicable to a consultation on the topic of additional testing. Specifically, the district court noted that "it certainly is not defined as to what [Dumler] wanted to talk to the attorney about . . . and I don't imagine [] Dumler was thinking specifically about talking about a test or just talking about things in general with an attorney." But the statutorily mandated implied consent advisory does not restrict the subject matter of the attorney consultation to which the person is entitled. Rather, it states that "the person has the right to consult with an attorney *and* may secure additional testing." (Emphasis added.) K.S.A. 2009 Supp. 8-1001(k)(10). As the Court of Appeals recognized in *Kelly*, "had the legislature intended to limit the consultation to whether a second test is performed, it could have easily written 'the person has the right to consult with an attorney to determine whether to secure additional testing.'" 14 Kan. App. 2d at 189. Certainly, consulting with an attorney about additional testing would be an important reason that a person would exercise his or her right to counsel, but it is not a condition precedent to the invocation of the right.

9

Rather than focusing on the subject matter of the desired consultation, the district court should have determined whether Dumler was requesting a post-testing consultation. As the concurrence below noted, the statute limits *when* a person may actually communicate with a lawyer. 2012 WL 4679128, at *3. For instance, a person has no right to consult with counsel before deciding whether to take the requested alcohol testing. But after the test, a person has the unrestricted right to consult with an attorney, period. Given that the district court apparently applied an incorrect legal standard on the question of whether Dumler's post-testing right to counsel was violated, a remand would be in order. See *Dragon v. Vanguard Industries*, 282 Kan. 349, 356, 144 P.3d 1279 (2006) (noting that despite general rule that litigant must object to inadequate findings of fact in the trial court, "this court may still consider a remand if the lack of specific findings precludes meaningful review"). Upon remand, the district court shall determine whether Dumler was invoking the right to consult with an attorney after testing that the arresting officer specifically advised him that he possessed.

But before sending the matter back for further proceedings, we pause to address the question of whether any remedy exists for a violation of the statutory right to counsel.

*Remedy*

As noted, the Court of Appeals concurrence found that the arresting officer violated Dumler's statutory right to counsel but opined that the statutes governing driver's license suspension proceedings provided him with no remedy for such a denial of his right to counsel. 2012 WL 4679128, at *5 (Atcheson, J., concurring). The concurrence's rationale is that because K.S.A. 2009 Supp. 8-1001(k)(10) discusses both the person's right to consult with an attorney and the person's right to obtain additional testing, but K.S.A. 8-1004 only provides an explicit remedy for an officer's failure to permit a person to obtain additional testing, the courts should not fashion an implied remedy for the

10

failure to permit a person to consult with an attorney. 2012 WL 4679128, at *5-6 (Atcheson, J., concurring). We decline to find that the legislature intended to create a right without a remedy on the most fundamental subject matter as a person's right to counsel.

Although we have not ruled on the remedy issue in the context of a civil administrative proceeding, we have clearly held that the notice provisions, including the right to consult with an attorney after testing, are mandatory. *Barnhart*, 243 Kan. at 212. And in the criminal DUI context, we have held that because of *Barnhart*'s holding that the notices were mandatory, an officer's failure to provide a driver with notice of the statutory right to counsel results in suppression of the test results. *State v. Luft*, 248 Kan. 911, 913, 811 P.2d 873 (1991). The Court of Appeals has applied *Luft* to suppress test results in the administrative license suspension context, reasoning that *Luft*'s reliance upon *Barnhart* "makes it clear that failure to give the statutory warnings (notices) required by 8-1001[k] will result in suppression of test results in an administrative suspension of license proceeding as well as in a criminal action." *Ostmeyer v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 639, 644, 827 P.2d 780 (1992). It would seem counterintuitive, if not perverse, to provide a person the remedy of suppression where the arresting officer failed to tell the person that he or she had the right to consult with an attorney, but then withhold any remedy where the officer tells the person of the right but then refuses to allow the person to exercise that right. If the legislature intended for the State to inform drivers of their rights, it surely contemplated that the State would honor those rights, as well.

Further, we do not read K.S.A. 8-1004's explicit provision of a remedy for refusing to allow a driver to obtain additional testing as impliedly withholding any remedy for refusing to allow a driver to consult with an attorney. As suggested, those two rights are often intertwined, so that denying the right to consult with an attorney could

11

remove an important component of the driver's decision-making with respect to additional testing. In other words, a driver's exercise of her or his right to consult with an attorney could lead to a request for additional testing, which is subject to an explicit remedy. Moreover, K.S.A. 8-1004 specifically provides that its provisions do not limit or affect K.S.A. 8-1001, from whence the statutory right to counsel emanates.

Two additional provisions support the notion that the legislature intended to provide a remedy for a violation of the right to counsel. First, K.S.A. 2009 Supp. 8-1001(s) provides that "[n]o test results shall be suppressed because of technical irregularities in the consent or notice required pursuant to this act." The clear implication is that if something more than a technical irregularity is involved, the test result should be suppressed. It would stretch the common understanding of "technical irregularities" to find that it encompassed a complete denial of the right to consult with an attorney. See *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014) (appellate court ascertains legislative intent through statutory language enacted, giving common words their ordinary meanings).

Second, K.S.A. 2009 Supp. 8-1012, dealing with preliminary breath tests, shows that our legislature knew how to enact notice provisions that are not grounds for suppression. K.S.A. 2009 Supp. 8-1012(c) discusses the notices a person shall be given before taking a preliminary breath test and explicitly states that "[f]ailure to provide the notice shall not be an issue or defense in any action." No corresponding remedy exclusion is contained in the notice provisions required under K.S.A. 2009 Supp. 8-1001(k).

Finally, as a practical matter, if we do not recognize a remedy for a violation of the statutory right to counsel, that provision would be essentially rendered meaningless. "As a general rule, courts should . . . presume that the legislature does not intend to enact

12

useless or meaningless legislation." *Board of Miami County Comm'rs v. Kanza Rail-Trails Conservancy, Inc.*, 292 Kan. 285, 322, 255 P.3d 1186 (2011).

Consequently, we hold that suppression of the alcohol testing result is the appropriate remedy for the denial of a driver's statutory right to counsel. Therefore, upon remand, if the district court finds that Dumler requested counsel pursuant to the statutory right to counsel contained in K.S.A. 2009 Supp. 8-1001(k)(10), the proper remedy is to suppress the breath test results in his administrative action.

Remanded with directions.