IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 123,862

STATE OF KANSAS,
*Appellee*,

v.

THOMAS JAMES KERRIGAN,
*Appellant*.

SYLLABUS BY THE COURT

1.

We review issues of statutory interpretation de novo, meaning we give no deference to the conclusions reached by the district court or the Court of Appeals resulting from their interpretation of the statute.

2.

When interpreting statutes, our purpose is to discern legislative intent and, to do so, we begin by looking to the plain language of the statute. If the language of the statute is plain and unambiguous, an appellate court will not speculate about the legislative intent behind that clear language and will not read something into the statute that is not readily found in its words. Only if the language of the statute is unclear or ambiguous do we turn to canons of statutory construction, consult legislative history, or consider other background information to ascertain legislative intent.

3.

K.S.A. 8-1001(c)(1) is not ambiguous. Under it, persons have a statutory right to consult an attorney after administration of an evidentiary breath test. In order to properly invoke the right to post-evidentiary breath test counsel, the plain language of the statute

1

requires the person to make that request after administration of the evidentiary breath test, distinguishing *Dumler v. Kansas Dept. of Revenue*, 302 Kan. 420, 354 P.3d 519 (2015).

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 28, 2022. Appeal from Riley District Court; KENDRA S. LEWISON, judge. Oral argument held May 17, 2023. Opinion filed November 17, 2023. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.

*John A. Griffin*, assistant county attorney, argued the cause, and *David Lowden*, deputy county attorney, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, Kansas attorney general, were with him on the briefs for the appellee.

*Jeremiah L. Platt*, of Clark & Platt, Chtd., of Manhattan, argued the cause, and *Barry A. Clark*, of the same firm, was on the brief for appellant.

The opinion of the court was delivered by

STANDRIDGE, J.:  After a bench trial on stipulated facts, a district court convicted Thomas Kerrigan of driving under the influence. Before trial, Kerrigan moved to suppress the results of an evidentiary breath test (EBT) based on a violation of his statutory right to counsel under K.S.A. 2019 Supp. 8-1001(c)(1). In support, Kerrigan claimed he invoked his right to counsel at least two times before the EBT, which law enforcement failed to honor after the EBT. The district court denied the motion, finding the statute required Kerrigan to invoke the right to counsel after the EBT. A divided Court of Appeals panel reversed, holding that a pre-EBT assertion of the post-EBT statutory right to counsel is a valid invocation of the post-EBT right under K.S.A. 2019 Supp. 8-1001(c)(1). *State v. Kerrigan*, No. 123,862, 2022 WL 15528601 (Kan. App. 2022) (unpublished opinion). The State petitioned for review. We reverse the panel majority and affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are undisputed. Kansas Highway Patrol Captain Scott Walker stopped Thomas Kerrigan for a traffic infraction. Kerrigan admitted he had been drinking but did not say how much. After admitting he had been drinking, Kerrigan said—in substance—that he did not want to talk anymore and wanted to call his attorney. Captain Walker denied Kerrigan's request to call his attorney and afterwards administered two cognitive sobriety tests and a preliminary breath test (PBT).

Kerrigan failed the PBT, so Captain Walker arrested him for driving under the influence and advised him of his constitutional rights to remain silent and to speak to an attorney. See *Miranda v. Arizona*, 384 U.S. 436, 479, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Captain Walker confiscated Kerrigan's cell phone.

Before asking Kerrigan to submit to an EBT, Captain Walker provided Kerrigan with the statutorily mandated implied consent advisory, which is required before law enforcement can administer the EBT. It requires law enforcement to provide oral and written notice that the driver has "no right to consult with an attorney regarding whether to submit to testing, but, after the completion of the testing, the person may request and has the right to consult with an attorney and may secure additional testing." K.S.A. 8-1001(c)(1). At this point, Kerrigan says he repeated his request to call an attorney, which Captain Walker again denied. Kerrigan submitted to the EBT, which measured his blood alcohol concentration above the legal driving limit. Kerrigan did not renew his request to call an attorney after the EBT and Captain Walker did not offer him an opportunity to make the call.

The State charged Kerrigan with operating a motor vehicle with a blood alcohol concentration (BAC) of .08 or higher within three hours of driving, or in the alternative,

3

driving while under the influence of alcohol to a degree that rendered him incapable of safely driving in violation of K.S.A. 2019 Supp. 8-1567(a). Relying on our decision in *Dumler v. Kansas Dept. of Revenue*, 302 Kan. 420, 354 P.3d 519 (2015), Kerrigan moved to suppress the EBT results because he was deprived of his statutory right to counsel after he submitted to the EBT—a right he says he validly invoked before the test. The district court granted his motion, in part.

The State moved to reconsider, arguing the 2018 amendments to K.S.A. 8-1001 legislatively superseded *Dumler*. The State noted that both the original and amended versions of the statute confer a post-EBT right to counsel. But under the new language in the amended statute, the State claims the post-EBT right to counsel can be invoked only after the test has been administered. In other words, a pre-EBT request for counsel is not enough to invoke the post-EBT right. Kerrigan opposed reconsideration, arguing amendments to the statute did not alter *Dumler*'s analysis. The district court agreed with the State and reversed its suppression ruling.

Kerrigan waived his right to a jury trial and agreed to a bench trial on stipulated facts. The district court found Kerrigan (1) guilty of driving under the influence of alcohol with a BAC greater than .08 and (2) not guilty of driving under the influence to a degree rendering him incapable of safely driving.

A Court of Appeals panel majority reversed the district court, finding the amended statutory language was ambiguous as to the timing of a post-EBT request for counsel. Applying the rule of lenity, the majority held the amended statute permits the post-EBT right to counsel to be invoked either before or after the EBT. The majority remanded the case, finding suppression appropriate. *Kerrigan*, 2022 WL 15528601, at *8-9. Judge Kathryn Gardner dissented, arguing the Legislature amended the statute as a response to

4

*Dumler*, the amended statute was not ambiguous, and the plain language favored the State's interpretation. 2022 WL 15528601, at *9-11.

We granted the State's petition for review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petition for review of Court of Appeals decision); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decision upon petition for review).

## STANDARD OF REVIEW

The narrow issue before us is whether the 2018 amendment to K.S.A. 8-1001 limits a person's right to post-EBT counsel to only those requests made by the person after the EBT. This issue requires us to interpret K.S.A. 8-1001. We review issues of statutory interpretation de novo, meaning we give no deference to the conclusions reached by the district court or the Court of Appeals resulting from their interpretation of the statute. *Jarvis v. Kansas Dept. of Revenue*, 312 Kan. 156, 159, 473 P.3d 869 (2020). When interpreting statutes, our purpose is to discern legislative intent. To do so, we begin by looking to the plain language of the statute. *Jarvis*, 312 Kan. at 159. If the language of the statute is plain and unambiguous, an appellate court will not speculate about legislative intent and will not read something into the statute not readily found in its words. *State v. Moler*, 316 Kan. 565, 571, 519 P.3d 794 (2022) (quoting *State v. Betts*, 316 Kan. 191, 514 P.3d 341 [2022]). We use the canons of statutory construction, consult legislative history, or consider other background information to ascertain legislative intent only if the language of the statute is unclear or ambiguous. *Jarvis*, 312 Kan. at 159.

5

Under Kansas law, drivers have a statutory right to consult an attorney after administration of an EBT. *Dumler*, 302 Kan. at 424. When we decided *Dumler*, the relevant part of the mandatory notice provision to Kansas' implied consent law stated that before a test is administered:

> "[T]he person shall be given oral and written notice that . . . there is no constitutional right to consult with an attorney regarding whether to submit to testing" and . . . "after the completion of the testing, the person has the right to consult with an attorney and may secure additional testing." K.S.A. 2009 Supp. 8-1001(k)(3), (k)(10).

On review, we found that nothing in the statute restricted when a person must request counsel; instead, the statute restricted only when the person may consult an attorney. *Dumler*, 302 Kan. at 426. Thus, we held a person may invoke the post-EBT right to consult an attorney before administration of the EBT. 302 Kan. at 426.

The Legislature amended and modified the statute in 2018. The relevant language—now in subsection (c)(1)—states that when requesting a test:

> "[T]he person shall be given oral and written notice that . . . [t]here is no right to consult with an attorney regarding whether to submit to testing, but, after the completion of the testing, the person *may request and* has the right to consult with an attorney and may secure additional testing." (Emphasis added.) K.S.A. 8-1001(c)(1).

The difference in the relevant language between the prior version and the amended version of the statute is three added words, italicized in the excerpt above. Distinguishing the holding in *Dumler* because it was based on the prior version of the statute, the district

6

court held the new statutory language requires a request for counsel be made after the EBT in order to properly invoke the post-EBT right to counsel. Kerrigan appealed.

The panel majority framed the issue as whether the amended statute "required Kerrigan to request counsel after the [EBT] was administered, and then have that request disregarded, in order to be entitled to suppression of his [EBT] results at trial." *Kerrigan*, 2022 WL 15528601, at *4. The majority's analysis touched on various arguments before concluding that the amended statute requires pre-EBT requests for post-EBT counsel to be honored. 2022 WL 15528601, at *9. But the analytical path relied on by the majority to reach this conclusion is unclear.

The panel stated the "plain language" of the amended statute "reflects that a person has the right to be told that they may request an attorney after [an EBT] has been administered, but the language does not convey that an earlier request should not be honored." 2022 WL 15528601, at *8. This statement shows the panel's analysis is not based on the statute's plain language, but on speculative and unspecified exceptions to the restrictions expressed in the plain language of the statute. Under the panel majority's analysis, a statute cannot confer a specified right without affirmatively eliminating all unspecified rights. Perhaps realizing this flaw in its analysis, the majority later acknowledged the amended language "is perhaps ambiguous," in which case the rule of lenity required the court to interpret the statute in favor of the defendant. 2022 WL 15528601, at *9.

In dissent, Judge Gardner concluded the amended statute is not ambiguous, and the rule of lenity is inapplicable. 2022 WL 15528601, at *11 (Gardner, J., dissenting). She would hold the "statute speaks both to when the person may request counsel and to when the officer must honor that request—'after the completion of the testing.'" 2022 WL 15528601, at *10.

7

Our interpretation of the plain language of the amended statute aligns with Judge Gardner's. To that end, we hold the amended statute requires a person to make a request for counsel *after* administration of the EBT to properly invoke the post-EBT right to counsel. Although the only relevant difference between the prior version and the amended version of the statute is adding three words, the substance and placement of these three words expressly impose a new timing restriction on a request for post-EBT counsel. Applying basic rules of grammar, the plain language of the amended statute clearly and unambiguously expresses this restriction: the introductory clause "after the completion of the testing" refers to and modifies the main clause following the introduction, that is, when "the person may request and has the right to consult with an attorney." K.S.A. 8-1001(c)(1).

Before concluding, we distinguish our holding today from *Dumler*. The legal issue presented in both cases is the same: whether K.S.A. 8-1001 limits a person's right to post-EBT counsel to only those requests made by the person after completion of the EBT. In *Dumler*, we applied the 2009 version of the statute and found nothing in it to suggest the Legislature intended to restrict the timing of when a person could request post-EBT counsel. Thus, we held the 2009 version of the statute permitted a person to invoke the right to post-EBT counsel either before or after the EBT. 302 Kan. at 426. Although we analyze the same legal issue here, the amended version of the statute applies.

Unlike its predecessor, the amended statute expressly includes language reflecting the Legislature's intent to honor only those requests for counsel made after administration of the EBT. K.S.A. 8-1001(c)(1). Although the facts and legal issue presented are the same in both cases, the holdings are different because the statutes differ. So we do not overrule *Dumler*, but recognize its holding is limited to cases when the issue was presented under the prior version of the statute.

Finally, we note several questions were asked at the suppression hearing about potential confusion between (1) the *statutory* right to speak to an attorney upon request after the administration of the EBT and (2) the *constitutional* right to speak to an attorney upon request after law enforcement provides the *Miranda* advisory. Although the parties appear to agree that Captain Walker first provided Kerrigan with a *Miranda* advisory informing him of his constitutional right to counsel and then provided him with the informed consent advisory informing him of his statutory right to post-EBT counsel, Kerrigan relied solely on the statutory right to post-EBT counsel under K.S.A. 8-1001(c)(1) to support his motion to suppress. Both the district court and the Court of Appeals made their decisions based on interpretation of the statutory right to post-EBT counsel. And the State's petition for review challenges the panel's statutory interpretation. Thus, the constitutional right to speak to an attorney upon request after a *Miranda* advisory is not at issue here and we express no opinion on the merits of such an argument.

CONCLUSION

K.S.A. 8-1001(c)(1) is not ambiguous. For a person to properly invoke the statutory right to post-EBT counsel, the plain language of the amended statute requires the person to make a request for counsel after administration of the EBT.

Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.

\* \* \*

ROSEN, J., dissenting: I dissent from the majority's opinion. I agree K.S.A. 8-1001(c)(1) is not ambiguous. It tells us that an officer, when requesting a breath test, must

9

give oral and written notice that "[t]here is no right to consult with an attorney regarding whether to submit to testing, but, after the completion of the testing, the person may request and has the right to consult with an attorney and may secure additional testing." I read this to require that an officer, before administering a breath test, tell a person (1) they cannot consult with an attorney about whether to submit to testing; (2) they can request an attorney after testing; (3) they have a right to consult with an attorney after testing; and (4) they can secure additional testing. I do not see anything else in this language.

The majority reads the statute differently. It concludes that in requiring an officer to tell a person they may, after testing, request an attorney, the statute also says that any pretest request to invoke the posttest right to an attorney is ineffective and may be ignored.

I don't buy it. If the Legislature wanted to convey that a person has no right to, pretest, request an attorney, it could have said so, as it did regarding a pretest right to an attorney. The statute directs an officer to tell a person they have a posttest right to an attorney, but not pretest right to an attorney. In contrast, it directs an officer to inform a person they may, posttesting, request an attorney, but it *does not* direct an officer to inform a person they may not, pretesting, request an attorney.

Because I would take the statute as it is instead of reading into it permission for officers to ignore requests for counsel, I dissent.

LUCKERT, C.J., joins the foregoing dissenting opinion.

10