No. 114,562

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
DONALD E. RAMAGE.

SYLLABUS BY THE COURT

1.

The doctrine of law of the case prevents a party from serially litigating an issue already presented and decided in the same proceeding. In this case, two petitions to commit appellant as a sexually violent predator filed 12 years apart were not the same proceeding. The first filed in 2000 was dismissed on procedural grounds, and no issues were presented or determined. The law of the case doctrine is inapplicable.

2.

In this case, the evidence prepared for the hearing in 2000 and presented at the 2012 trial was relevant because it helped determine whether appellant was a sexually violent predator and, specifically, whether he suffers from a mental abnormality or personality disorder, whether he is likely to commit repeat acts, and whether he has serious difficulty controlling his dangerous behaviors.

3.

In this case, the evidence prepared in 2000 is relevant in that it demonstrates a consistent psychological make-up and behavior of appellant over an extended period of time.

4.

K.S.A. 2015 Supp. 59-29a06(c) allows the parties to call expert witnesses in sexually violent predator trials who can rely on facts and data that were perceived or made known to the expert at or before the hearing in order to form opinions and inferences.

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed December 9, 2016. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Dwight R. Carswell*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

BURGESS, J.: Donald Ramage was convicted of five counts of indecent liberties with a child in two separate cases in 1988. In 2000, the State filed a petition to commit Ramage as a sexually violent predator. This petition was dismissed for failure to comply with the time limits set out in K.S.A. 59-29a06. Ramage violated his parole and was sent back to the Kansas Department of Corrections (KDOC) until 2012.

In 2012, the State filed a second petition to commit Ramage as a sexually violent predator. After an 8-day jury trial, the jury found him to be a sexually violent predator. Ramage appeals and argues three issues on appeal: (1) The law of the case doctrine prevents the State from introducing evidence from the 2000 petition during the trial for the 2012 petition; (2) the evidence prepared prior to the 2000 petition is not relevant to prove a material fact due to the significant time lapse; and (3) the evidence relied upon by Dr. Kohrs was inadmissible hearsay and should not have been admitted at trial. Because the law of the case is inapplicable, the 2000 evidence is relevant to prove that Ramage is

a sexually violent predator and the evidence relied on by Dr. Kohrs was not inadmissible hearsay pursuant to K.S.A. 2015 Supp. 59-29a06(c), we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1988, Donald Ramage was convicted of five counts of indecent liberties with a child in two separate cases. On May 30, 2000, the State filed a petition to commit Ramage as a sexually violent predator. Ramage filed a motion to dismiss alleging that the State had not complied with the time limits set out in K.S.A. 59-29a06, which require a trial be commenced 60 days after a probable cause hearing. On November 16, 2000, the trial court granted Ramage's motion and dismissed the case.

In 2001, Ramage was released from the KDOC. Then, in 2002, Ramage's parole was revoked for having unauthorized contact with a minor. Ramage was discharged because he did not successfully complete the sex offender treatment program. Ramage was placed back in KDOC's custody for his parole revocation and served his full 1988 sentence. It was determined he would be released from KDOC in 2012.

On June 5, 2012, the State filed a second petition to commit Ramage as a sexually violent predator. In the petition, the State asserted that Ramage's history of sexual activities demonstrate he has a mental abnormality or personality disorder which is unamenable to existing mental illness treatment, that he is likely to engage in repeat acts of sexual violence, and that he has serious difficulty controlling his dangerous behavior. Ramage filed a motion to dismiss based on violations of res judicata, collateral estoppel, and due process. The district court overruled his motion on February 19, 2013. In the denial of the motion, the district court stated:

"after the first sexually violent predator action was dismissed for lack of subject matter jurisdiction, the respondent violated the conditions of post-release supervision and was

3

returned to the custody of the [KDOC]. These facts permit the State to commence a new commitment proceeding not barred under principles of res judicata or collateral estoppel."

Ramage then filed a second motion which sought to limit evidence to be introduced at trial and relied on by experts to material generated after the 2000 case was dismissed. On January 10, 2014, the district court denied Ramage's second motion.

Ramage was evaluated by Dr. Jane Kohrs on March 2, 2012. At trial, the district court certified Dr. Kohrs as an expert in the field of forensic psychology. In her report, Dr. Kohrs diagnosed Ramage with pedophilia and personality disorder with antisocial traits. She took information from all the treatment programs Ramage had participated in which dated back to 1990. From her examination, and looking back at the previous treatments that Ramage had gone through, Dr. Kohrs found that Ramage is in "denial of the seriousness of his offense, denial of the extent and duration of his sexual offending, denial of the need for treatment, denial of the impact on victims, and denial of his potential for recidivism." Further, she stated Ramage "utilizes pathological defenses, such as compartmentalization and repression, and is untruthful and secretive about his history of sexual behavior and his ongoing sexual behavior." Ultimately, these concerns, along with noncompliance with supervision, antisocial thought processes, severe cognitive distortions and defenses, sexual deviancy, rejection of treatment, lack of concern for victims, and his behavior on parole, led Dr. Kohrs to believe that he would reoffend with another sexual offense if he was released into the community.

From September 8-15, 2014, Ramage had a jury trial where the jury found him to be a sexually violent predator. During trial, Ramage objected to the evidence that was being admitted because it was events that happened years before the dismissal of the previous case. The district court said it was not in a position to limit the State in

presenting evidence about Ramage's sexual activity as it relates to and is relevant to whether he is a sexually violent predator. Ramage timely appeals.

## DOES THE LAW OF THE CASE DOCTRINE APPLY AND PREVENT THE STATE FROM INTRODUCING EVIDENCE FROM THE 2000 PETITION DURING THE 2012 TRIAL?

"The doctrine of law of the case prevents a party from serially litigating an issue already presented and decided on appeal in the *same* proceeding." (Emphasis added.) *State v. Parry*, 51 Kan. App. 2d 928, 928, 358 P.3d 101 (2015). Law of the case doctrine promotes judicial efficiency and allows litigants a full opportunity to present their arguments. 51 Kan. App. 2d at 928. The court's consideration of the doctrine of law of the case presents a legal question, which affords unlimited review. 51 Kan. App. 2d at 930; *Dumler v. Kansas Dept. of Revenue*, 302 Kan. 420, 425, 354 P.3d 519 (2015).

The law of the case prevents relitigation of the same issues within successive stages of the same suit. *State v. Collier*, 263 Kan. 629, 634, 952 P.2d 1326 (1998). Once an issue is decided by the appellate court, "'it should not be relitigated or reconsidered unless it is clearly erroneous or would cause manifest injustice.'" 263 Kan. at 633 (quoting *City of Wichita v. Rice*, 20 Kan. App. 2d 370, 376, 889 P.2d 789 [1995]). The court in *Collier* stated the purpose of the law of the case doctrine is "'to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts.'" 263 Kan. at 631 (quoting 5 Am. Jur. 2d, Appellate Review § 605).

Law of the case and collateral estoppel are different in that collateral estoppel prevents the relitigation of issues in successive suits between the same parties, while the law of the case prevents relitigation of the same issues within successive stages of the same suit. *Venters v. Sellers*, 293 Kan. 87, 99, 261 P.3d 538 (2011). Res judicata also

5

differs from the law of the case. 293 Kan. at 99. With res judicata, the rights of the parties are settled once the judgment is final. 293 Kan. at 99. For law of the case, rights are not settled, only the law to be applied in determining the rights of the parties. 293 Kan. at 99.

Here, the State filed a petition to commit Ramage as a sexually violent offender on May 30, 2000. That case was dismissed because the State did not comply with the time limits for trial as required by statute. Ramage was released from KDOC, but after an incident where he had unauthorized contact with a minor, he was placed back in KDOC custody until 2012. Then, in 2012, the State filed a separate petition to commit Ramage as a sexually violent offender. Twelve years separated the two separate suits. These two petitions were both to commit Ramage as a sexually violent offender, but they were not the same suit and, therefore, the law of the case doctrine is not applicable. *Collier*, 263 Kan. at 634. More importantly, no issues were decided in the previous 2000 petition because it was dismissed for failure to comply with trial time limits. See *Sellers*, 293 Kan. at 99.

When an individual may meet the criteria of a sexually violent predator, as outlined in K.S.A. 2015 Supp. 59-29a02, the agency who has jurisdiction shall give written notice to the attorney general 90 days prior to "[t]he anticipated release from total confinement of a person who has been convicted of a sexually violent offense." K.S.A. 2015 Supp. 59-29a03(a)(1). Here, Ramage was, once again, being released from KDOC custody after violating his parole and another petition was filed because Ramage still met the criteria for a sexually violent predator. It was not the State attempting to get another hearing in the case. It was following the requirements of the Sexually Violent Predators Act. K.S.A. 2015 Supp. 59-29a02(f) states the authority to initiate a sexually violent predator commitment proceeding is based on the imminent release of any person "serving a sentence or term of confinement." Therefore, the law of the case doctrine is not applicable.

6

WAS THE EVIDENCE PREPARED PRIOR TO 2000 RELEVANT TO THE 2012 TRIAL?

*Failure to Adequately Brief*

"[A] failure to adequately brief an issue results in abandonment or waiver." *State v. Logsdon*, 304 Kan. 3, 29, 371 P.3d 836 (2016). The Kansas Supreme Court has also held that "a point raised only incidentally in a brief but not argued there is deemed abandoned. [Citations omitted.]" *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008). Here, Ramage's brief specifically argues the law of the case doctrine and then briefly discusses relevance and hearsay. Because these issues were likely not adequately briefed, they would be waived or abandoned. In all events, Ramage's arguments fail on the merits.

*Relevance*

First, the court must determine whether the evidence is relevant. Generally speaking, all relevant evidence is admissible. K.S.A. 60-407(f). K.S.A. 60-401(b) defines relevant evidence as evidence having "any tendency in reason to prove any material fact." *State v. Page*, 303 Kan. 548, 550, 363 P.3d 391 (2015). This definition encompasses two elements:  a materiality and a probative element. Standards of review for each element vary.

Evidence is material when the fact it supports is in dispute or in issue in the case. *In re Acquisition of Property by Eminent Domain*, 299 Kan. 37, 44, 320 P.3d 955 (2014). The appellate standard of review for materiality is de novo. *Page*, 303 Kan. at 550.

Evidence is probative if it has any tendency to prove any material fact. *State v. Dupree*, 304 Kan. 43, 63, 371 P.3d 862 (2016). An appellate court reviews the district court's assessment of the probative value of evidence under an abuse of discretion standard. *Page*, 303 Kan. at 550-51.

Here, the court must determine whether the evidence prepared prior to the 2000 petition is relevant to determine if Ramage is a sexually violent predator. K.S.A. 2015 Supp. 59-29a02(a) defines a sexually violent predator as "any person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in repeat acts of sexual violence." The Sexually Violent Predators Act, in combination with the holding from *Kansas v. Crane*, 534 U.S. 407, 413, 122 S. Ct. 867, 151 L. Ed. 2d 856 (2002), requires the State to prove four elements beyond a reasonable doubt to commit someone as a sexually violent predator:

> "'(1) the individual has been convicted of or charged with a sexually violent offense;
> "'(2) the individual suffers from a mental abnormality or personality disorder;
> "'(3) the individual is likely to commit repeat acts of sexual violence because of a mental abnormality or personality disorder; and
> "'(4) the individual has serious difficulty controlling his or her dangerous behavior.' [Citations omitted.]" *In re Thompson*, No. 114,617, 2016 WL 3961541, at *2 (Kan. App. 2016) (unpublished opinion).

See K.S.A. 2015 Supp. 59-2902(a).

The evidence presented at the 2012 trial, specifically the information Dr. Kohrs relied on to conduct her evaluation of Ramage, was relevant because it helped determine whether Ramage was a sexually violent predator. It is, also, relevant to determine whether Ramage suffers from a mental abnormality or personality disorder, he is likely to commit repeat acts, and he has serious difficulty controlling his dangerous behavior. See *Crane*, 534 U.S. at 413; K.S.A. 2015 Supp. 59-2902(a). The evidence from 2000 is highly relevant in that it appears that much of his psychological make-up and his behavior has continued over the years and remains consistent with his current psychological make-up and behavior. The reports and prior treatment programs have a

tendency to show that Ramage meets the elements of a sexually violent predator and are therefore relevant.

The district court determined that the evidence was relevant to whether Ramage was a sexually violent predator, and, under both a de novo and abuse of discretion standard, the district court was correct to allow the evidence to come in during the trial.

WAS THE TESTIMONY OF DR. KOHRS INADMISSIBLE
DUE TO HER RELIANCE ON HEARSAY?

Expert testimony is generally admissible if it aids the jury with unfamiliar subjects or interpreting technical facts or if it assists the jury in arriving at a reasonable factual conclusion from the evidence. *State v. Gaona*, 293 Kan. 930, 948, 270 P.3d 1165 (2012). Expert testimony is unnecessary if the normal experience and qualifications of jurors allow them to draw proper conclusions from the provided facts and circumstances. *State v. Wells*, 289 Kan. 1219, 1236, 221 P.3d 561 (2009). To testify as an expert, the witness must be professionally skilled or experienced in the subject about which the expert is testifying. *Gaona*, 293 Kan. at 948.

K.S.A. 2015 Supp. 59-29a06(c), adopted in 2011, allows the parties to call expert witnesses in sexually violent predator trials who can rely on facts and data that were perceived or made known to the expert at or before the hearing in order to form opinions and inferences. See L. 2011, ch. 92, sec. 3. The statute provides:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If the facts or data are of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, such facts and data need not be admissible in evidence in order for the opinion or inference to be admitted."

9

See *In re Wright*, No. 110,539, 2015 WL 3868646, at *5 (Kan. App. 2015) (unpublished opinion).

This special rule varies from K.S.A. 2015 Supp. 60-456(b), the general provision in the rules of civil procedure that governs opinion testimony by expert witnesses. *In re Wright*, 2015 WL 3868646, at *5. In that statute, if the witness is testifying as an expert, the opinions must be based on facts or data that is personally perceived by the expert or personally known or made known and it must be within the scope of the special knowledge, skill, experience, or training that is possessed by the expert. *In re Wright*, 2015 WL 3868646, at *5. So, the general rule in all trials, *except* sexually violent predators, is that an expert's opinions may not be presented if they are based on hearsay. *In re Wright*, 2015 WL 3868646, at *5.

K.S.A. 2015 Supp. 59-29a06(c) closely resembles Federal Rules of Evidence 703, which provides in part:

> "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If the experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted."

Due to the similar language, it appears that the adoption of K.S.A. 2015 Supp. 59-29a06(c) was an attempt to apply something similar to Rule 703 of the Federal Rules of Evidence in sexually violent predator cases. *In re Wright*, 2015 WL 3868646, at *6.

Dr. Kohrs was determined to be an expert in forensic psychology after the district court heard her experience and educational qualifications. Therefore, because she was deemed to be professionally skilled in the area of forensic psychology, she was allowed to testify as an expert. *Gaona*, 293 Kan. at 948.

10

Given that, under K.S.A. 2015 Supp. 59-29a06(c), Dr. Kohrs was allowed to rely on hearsay in forming her opinion to complete the evaluation of Ramage to determine that he would reoffend with another sexual offense if released into the community, Ramage's argument is incorrect. This provision was adopted in 2011, before Ramage's trial began in 2014, and therefore applies to Dr. Kohrs' testimony at trial. See L. 2011, ch. 92, sec. 3. Because K.S.A. 2015 Supp. 59-29a06(c) applies to Dr. Kohrs' testimony, it was not inadmissible hearsay.

Affirmed.