NOT DESIGNATED FOR PUBLICATION

No. 119,597

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF MISSION, KANSAS,
*Appellee*,

v.

BRADLEY J. FURNISH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed December 7, 2018. Affirmed.

*Bradley J. Furnish*, appellant pro se.

*Joseph D. Schmisseur* and *Anna Elizabeth Wolf*, special proscutors, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM:  Bradley J. Furnish appeals the district court's decision finding him guilty of violating the City of Mission's (Mission) mandatory seatbelt ordinance. Furnish argues that we should reverse for two reasons:  (1) because the district court should have allowed him to testify as an expert on the risks of wearing seatbelts; and (2) because the seatbelt ordinance is unconstitutional. Because Furnish's arguments are meritless, we affirm.

On May 24, 2017, Mission police cited Furnish for violating Mission Municipal Code 182.1 (2017) (ordinance) which penalized drivers for not wearing seatbelts with a

1

$10 fine. Furnish appealed his seatbelt violation to the municipal court. At his municipal court trial, Furnish appeared pro se and he stipulated that he was not wearing a seatbelt. However, Furnish argued that he was not guilty of violating the seatbelt ordinance because the ordinance was unconstitutional. The municipal court rejected Furnish's arguments and found him guilty.

Furnish appealed his seatbelt ordinance violation to the Johnson County District Court. On April 18, 2018, the district court held a hearing on Furnish's "expert witness report" motion. In this motion, Furnish declared himself an expert witness while asserting that mandatory seatbelt laws resulted in less safe driving. According to Furnish, this meant that mandatory seatbelt laws were unconstitutional.

At the outset of the hearing, the district court ruled that nothing in Furnish's motion "qualif[ied] as expert testimony" because "A, [it either went to] the constitutionality of the Mission ordinance, or B, [his motion concerned] information that probably would be of more use to the legislature . . . ." The district court also ruled that it did not believe that expert knowledge was necessary in the case given that it only needed to decide whether Furnish violated the seatbelt ordnance. Still, for preservation purposes, the district court allowed Furnish to make an offer of proof, which included 15 exhibits supporting his motion.

Next, because Furnish's motion challenged the constitutionality of the seatbelt ordinance, the district court considered Furnish's arguments why the seatbelt ordinance was unconstitutional. Mission argued that the seatbelt ordinance was constitutional because it had the rational basis of safety to enact the ordinance. The district court agreed and it noted that even in the two cases that Furnish relied on—*State v. Hartog*, 440 N.W.2d 852 (Iowa 1989), and *People v. Kohrig*, 113 Ill. 2d 384, 498 N.E.2d 1158 (1986)—the Iowa and Illinois Supreme Courts determined that their respective seatbelt laws had a rational basis in the law.

2

On June 4, 2018, the district court found Furnish guilty of violating the seatbelt ordinance after holding a trial on stipulated facts. Furnish timely appealed to this court.

*Expert Testimony Unnecessary*

We review the district court's decision to exclude testimony under K.S.A. 2017 60-456 for an abuse of discretion. An abuse of discretion occurs when the district court's decision was unreasonable, based on an error of law, or based on an error fact. *State v. Sasser*, 305 Kan. 1231, 1243, 391 P.3d 698 (2017).

K.S.A. 2017 Supp. 60-456(b) provides:

"If scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise if: (1) The testimony is based on sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has reliably applied the principles and methods to the facts of the case."

Mission's seatbelt ordinance—182.1(a)(1)—stated:

"Each occupant of either a passenger car manufactured with safety belts in compliance with federal motor vehicle safety standard no. 208 or an autocycle, who is 18 years of age or older, shall have a safety belt properly fastened about such person's body at all times when the passenger car is in motion."

See K.S.A. 2017 Supp. 8-2503(a)(1) (same).

Furnish, who still acts pro se, asserts that the district court should have allowed him to testify as an expert in risk compensation. Furnish cites many articles by other on risk compensation to support his argument that persons may drive more recklessly when

3

wearing a seatbelt because of the sense of safety a seatbelt provides. Seemingly, Furnish believes he was qualified to testify as an expert because he has a master's degree in economics.

Yet, the district court denied Furnish's motion to testify as an expert witness for two reasons: (1) Furnish's motion did not involve expert testimony; and (2) Furnish had failed to establish that expert testimony was necessary in his case given that he did not dispute the factual basis of the seatbelt violation. We agree the district court did not abuse its discretion when ruling that Furnish's proposed testimony did not involve expert testimony. As the district court explained to Furnish below, Furnish's proposed expert testimony was actually argument why Furnish believed the seatbelt ordinance was ill-advised based on the theory of risk compensation. Furnish's proposed expert testimony had nothing to do with whether he had committed a violation of each element of the seatbelt ordinance.

Furthermore, "[t]o testify as an expert, the witness must be professionally skilled or experienced in the subject about which the expert is testifying." *In re Care & Treatment of Ramage*, 53 Kan. App. 2d 209, 216, 387 P.3d 853 (2016). Despite the preceding problem, Furnish provided no evidence that he was an expert in risk compensation, let alone risk compensation pertaining to public safety. Furnish's master's degree in economics does not qualify him as an expert witness.

*Seatbelt Ordinance Constitutional*

We have unlimited review when determining the constitutionality of an ordinance. *City of Wichita v. Edwards*, 23 Kan. App. 2d 962, 964, 939 P.2d 942 (1997). Additionally, when considering the constitutionality of an ordinance, "we are required to (1) presume that the ordinance is constitutional; (2) resolve all doubts in favor of validating the ordinance; (3) uphold the ordinance if there is a reasonable way to do so;

4

and (4) strike down the ordinance only if it clearly appears to be unconstitutional." *Huffman v. City of Maize*, 54 Kan. App. 2d 693, 697-98, 404 P.3d 345 (2017).

Furnish argues that the seatbelt ordinance is unconstitutional because mandatory seatbelt laws actually make drivers less safe. Furnish bases his argument on risk compensation studies. Because Furnish believes that persons complying with mandatory seatbelt laws drive less safely, Furnish asserts that the Mission seatbelt ordinance is irrational and therefore unconstitutional.

Furnish, however, never explicitly states what right under the Constitution he believes that the seatbelt ordinance violates. Nevertheless, based on the caselaw Furnish relies on, we assume Furnish argues (1) that the seatbelt ordinance exceeded Mission's police powers in violation of the Fourteenth Amendment to the United States Constitution; and (2) that the seatbelt ordinance violated his due process rights under the Fourteenth Amendment to the United States Constitution. Under this assumption, it is readily apparent Furnish's arguments are meritless.

Turning to Furnish's first argument about police powers, we note that "[m]unicipalities have broad police powers to enact ordinances regulating or restricting certain activities to promote the health, safety, and welfare of the public." *Huffman*, 54 Kan. App. 2d at 698. We will uphold a municipality's exercise of police power if it "'bears a real and substantial relation to the public health, safety, morals or general welfare of the public, and if it is not unreasonable or arbitrary.' [Citations omitted.]" 54 Kan. App. 2d at 699.

Previously, our Supreme Court has held that because "[t]he right to operate a motor vehicle upon the public highway is a privilege, not a natural right," the Legislature may use its police powers to enact regulations affecting the rights and duties of drivers. *Manzanares v. Bell*, 214 Kan. 589, 600-01, 522 P.2d 1291 (1974). Our Supreme Court

5

has also upheld an ordinance requiring the use of a helmet while riding a motorcycle as a valid exercise of police power because it increased the safety of the rider and other persons on the road. *City of Wichita v. White*, 205 Kan. 408, 413-14, 469 P.2d 287 (1970). Additionally, in the *Hartog* case Furnish relies on, the Iowa Supreme Court found that its seatbelt law was a valid exercise of police power for four reasons: (1) because using a seatbelt enhances the driver's ability to control the car and avoid injuries to other; (2) because using a seatbelt reduces the public costs associated with serious injuries and deaths from car accidents; (3) because unrestrained passengers interfere with a driver's ability to respond to a collision; and (4) because unrestrained passengers increase the risk of injury during accidents based on kinetics. 440 N.W.2d at 857-58.

Here, Mission enacted the seatbelt ordinance to enhance public safety. Indeed, in the ordinance, Mission refers to "seatbelts" as "safety belts." Mission Municipal Code 182.1(a)(1). Based on our caselaw and the safety explanations outlined in *Hartog* case, we hold that Mission's seatbelt ordinance constitutes a valid exercise of municipal police powers.

Turning to Furnish's due process argument, we recognize that Furnish requests that we adopt a "plain-language version of the rational basis test." By this, Furnish means that we should find any law unconstitutional if its application disadvantages some people. Yet, this argument firstly fails because we are duty bound to follow the United States Supreme Court, which requires us to apply the rational basis test when considering a due process challenge that involves no fundamental right, suspect class, or quasi-suspect class. *State v. Lawson*, 296 Kan. 1084, Syl. ¶ 1, 297 P.3d 1164 (2013); See *Armour v. Indianapolis*, 566 U.S. 673, 680, 132 S. Ct. 2073, 2079, 182 L. Ed. 2d 998 (2012). Next, as noted, driving is a privilege. Moreover, Furnish only addresses the rational basis test. Thus, he has abandoned any argument that strict scrutiny or intermediate scrutiny applies on review. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (holding issues not briefed are abandoned).

6

Under the rational basis test, we will uphold a constitutional challenge to a law "'if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous.'" *State v. Voyles*, 284 Kan. 239, 258, 160 P.3d 794 (2007) (quoting *Romer v. Evans*, 517 U.S. 620, 632, 116 S. Ct. 1620, 134 L. Ed. 2d 855 [1996]). "'[R]elevance is the only relationship required between the classification and the objective. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the [governmental entity's] objective.'" *Huffman*, 54 Kan. App. 2d at 702 (quoting *State v. Mueller*, 271 Kan. 897, 903, 27 P.3d 884 [2001]).

Accordingly, Furnish's refusal to comply with the ordinance based on his belief that wearing a seatbelt would cause him to drive recklessly is irrelevant. All that matters is the significant evidence supporting that mandatory seatbelt laws improve safety inside a car and lower costs connected with serious accidents. For these reasons, we hold that the Mission seatbelt ordinance passes the rational basis test as it advances a legitimate government interest.

Affirmed.