No. 113,130

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

DOMINIC PARRY,
*Appellee*.

SYLLABUS BY THE COURT

1.

The doctrine of law of the case prevents a party from serially litigating an issue already presented and decided on appeal in the same proceeding.

2.

Law of the case is not an inexorable command and may yield in compelling circumstances to avoid following a clearly erroneous ruling or to prevent a manifest injustice.

3.

Under the facts of this case, law of the case precluded the State from relitigating the constitutionality of a search of Parry's home and the seizure of evidence from the home. The State lost a motion to suppress that evidence in the initial case filed against Parry, and that ruling was affirmed on interlocutory appeal. Immediately after the appellate decision, the State dismissed the first case and refiled identical charges in this case for the purpose of securing another hearing on the constitutionality of the search and seizure so it could assert additional legal arguments.

1

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed September 18, 2015. Affirmed.

*Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Phylemon C. Yau*, assistant public defender, for appellee.

Before ATCHESON, P.J., BUSER and GARDNER, JJ.

ATCHESON, J:  The doctrine of law of the case prevents a party from serially litigating an issue already presented and decided on appeal in the same proceeding. The doctrine promotes judicial efficiency while allowing litigants a full and fair opportunity to present their arguments on a point—the first bite of the proverbial apple. We apply law of the case to affirm the Clay County District Court's ruling suppressing evidence the State intended to use to prosecute Defendant Dominic Parry for possession of marijuana and drug paraphernalia. The State lost an earlier motion to suppress in the district court, and another panel of this court affirmed that ruling on the State's interlocutory appeal. In response, the State manipulated the prosecution of Parry, as it forthrightly admits, by dismissing and refiling the charges to take what we find to be an impermissible second bite at the apple to again argue the constitutionality of the search.

The underlying facts related to the criminal charge are less important to our decision than the procedural history of the prosecution. We outline what is necessary to place the issue and our ruling in context.

Police officers went to an apartment building in Clay Center where Parry and his girlfriend lived with their 2-year-old son. A neighbor of Parry's had reported a strong smell of burning marijuana in the building. The officers concluded the smell originated in Parry's residence, so they knocked on the door. Parry and his girlfriend stepped across the

threshold to speak with the officers. The woman admitted she had been smoking marijuana earlier in the day during a birthday celebration. The officers requested permission to look in the apartment. What happened next goes to the grounds for the motion to suppress and entails conflicting accounts about consent to search, so we skip ahead. The officers went inside and found marijuana and related drug paraphernalia.

The State charged Parry in Clay County No. 13CR2 with felony possession of marijuana as a repeat offender, a violation of K.S.A. 2014 Supp. 21-5706(b)(3), and with possession of drug paraphernalia, a misdemeanor violation of K.S.A. 2014 Supp. 21-5709(b)(2). Parry filed a motion to suppress the marijuana and paraphernalia on the grounds the police officers had no search warrant and any consent had been improperly coerced. The State countered that consent had been freely and voluntarily given, so the search did not violate the Fourth Amendment to the United States Constitution. The State made no alternative arguments for the validity of the search or the admissibility of the marijuana and paraphernalia. The district court held an evidentiary hearing, found any consent to have been involuntary, and granted the motion to suppress. The State filed an interlocutory appeal, as permitted by K.S.A. 2014 Supp. 22-3603. Another panel of this court affirmed the district court's suppression order in an unpublished opinion. *State v. Parry*, No. 110,671, 2014 WL 1708137 (Kan. App. 2014) (*Parry I*).

Four days after the release of the panel decision in *Parry I*, the State dismissed No. 13CR2 against Parry without prejudice and immediately charged him in Clay County No. 14CR35 with the same offenses. As a practical matter, the complaints in the two cases differ only in their district court identification numbers.

Not surprisingly, Parry filed a motion to suppress in No. 14CR35. The district court held another evidentiary hearing. This time the State argued the search of Parry's apartment was proper because exigent circumstances excused the need for a search warrant and even if the search were constitutionally improper, the marijuana and

3

paraphernalia would have been inevitably discovered. The district court found those arguments unpersuasive and again granted Parry's motion to suppress. And the State has again appealed. So here we are.

In their initial briefing, the parties did not address the law of the case doctrine. We issued an order requesting supplemental briefing, and both sides duly responded.

As indicated, we find law of the case applies, and its application precludes the State from again litigating the constitutionality of the search of Parry's apartment in the renewed prosecution. We, therefore, affirm the ruling of the district court without reaching the merits of the State's position with respect to exigent circumstances and inevitable discovery.

The facts and procedural history relevant to law of the case are undisputed. Our consideration of the doctrine presents a legal question, affording us unlimited review. See *Dumler v. Kansas Dept. of Revenue*, 302 Kan. ___, ___ P.3d ___, 2015 WL 4497926, at *4 (2015). Under the circumstances, a remand for the district court to consider a point of law would be both unnecessary and wasteful of judicial resources. See *State v. Randall*, 257 Kan. 482, 486, 894 P.2d 196 (1995); *State v. Jones*, 24 Kan. App. 2d 669, 675-76, 951 P.2d 1302 (1998).

Essentially, law of the case prevents parties from reopening issues in a case that have already been addressed and decided on appeal in that case. *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193, 1212, 308 P.3d 1238 (2013) ("The law of the case prevents relitigation of the same issues within successive stages of the same suit."); *State v. Collier*, 263 Kan. 629, Syl. ¶ 3, 952 P.2d 1326 (1998) ("[O]nce an issue is decided by the [appellate] court, it should not be relitigated or reconsidered unless it is clearly erroneous or would cause manifest injustice."). The *Collier* court outlined the purpose of the doctrine: "to avoid indefinite relitigation of the same issue, to obtain

consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts." 263 Kan. 629, Syl. ¶ 2. The doctrine is not an inexorable command and may yield in compelling circumstances.

The doctrine should apply here even though, technically, this case is not the same case as *Parry I*. The distinction between the two rests on the slenderest of technicalities. The charges against Parry are the same. The dismissal of the original case was immediately followed by the refiling of those charges in this case—a maneuver the State undertook several days after the adverse ruling from this court in *Parry I*. The State readily acknowledges the goal of the maneuver to be precisely what the circumstances otherwise indicate. The State wanted a do-over on the issue of the constitutionality of the police search of Parry's residence and the seizure of the marijuana and paraphernalia from inside the home, so it could assert arguments it failed to raise during the first hearing. Under those circumstances, the prosecution of Parry should be treated as a single proceeding for purposes of the law of the case.

The Kansas Supreme Court has similarly viewed the filing of the same criminal charges against the same defendants in successive cases as a single action to compute speedy trial time under K.S.A. 22-3402. *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 277-78, 589 P.2d 626 (1979); see *State v. Goss*, 245 Kan. 189, 192, 777 P.2d 781 (1989) (recognizing that Kansas courts tack time in successive cases when State dismisses and refiles as "a subterfuge . . . to avoid dismissal under the speedy trial statute"). The same rule should apply here. The State has dismissed and refiled criminal charges to evade an appellate decision confirming that Parry's Fourth Amendment rights were violated in a search of his home. The State wants to garner another hearing in the district court to make additional arguments on the issue. Law of the case aims to prevent precisely that sort of repetitive airing of points already decided in the district court and reviewed on appeal. If the doctrine were inapplicable in this situation, the State, in the

face of an adverse decision on the merits in this appeal, could again dismiss, refile, and get yet a third opportunity to argue the issue—with no end in sight.

The legislature has provided a remedy for the State if it wishes to dispute a district court ruling granting a defendant's motion to suppress. The State may take an immediate, interlocutory appeal. And the State did just that in *Parry I*. We do not see any sound basis for embroidering additional remedies into the common law, especially at the expense of fairness and judicial efficiency fostered by law of the case. Accordingly, the State could not breach the barrier of law of the case here by dismissing and refiling as it did.

The doctrine, then, applies to the issue of the constitutionality of the search of Parry's apartment unless some specific circumstance would excuse its application. We see none. First, of course, the district court's initial ruling granting the motion to suppress was not clearly erroneous. The panel in *Parry I* so ruled. See *Collier*, 263 Kan. 629, Syl. ¶ 3 (doctrine inapplicable to preserve "clearly erroneous" decision). Likewise, there is no manifest injustice here. 263 Kan. 629, Syl. ¶ 3. The State had a full and fair opportunity to present whatever arguments it chose in opposing the original motion to suppress. The State doesn't claim otherwise. So the State could have argued exigent circumstances based on the loss of evidence and inevitable discovery because it could have obtained a search warrant from a judge. But it didn't make those arguments. Neither of them rests on a newly minted legal theory or a material change in the law. See *State v. Mell*, 39 Kan. App. 2d 471, 482, 182 P.3d 1*, rev. denied* 286 Kan. 1183 (2008) (court discusses factors in determining when potential loss of evidence creates exigent circumstances excusing need to obtain search warrant); *State v. Thompson*, 37 Kan. App. 2d 589, 598, 155 P.3d 724 (2007) (applying inevitable discovery when information known to officers would have furnished probable cause for warrant). We express no opinion on the efficacy of those theories in this case and note only that Kansas appellate authority recognized them well before the original suppression hearing.

6

In marshalling their arguments, legal advocates always pick and choose among possible positions, honing the promising ones and jettisoning those that don't seem to be. Having chosen disadvantageously, especially in hindsight, an advocate cannot lay claim to manifest injustice as a result. If that were true, law of the case would be on the way to the legal dustbin where motions for judgments n.o.v. and depositions on written questions now take up space.

The dissent's rejoinders fall short. First, the dissent suggests we have ignored the State's argument that the issue decided in *Parry I* was confined to consent. But we carefully, though implicitly, disposed of the contention simply by correctly defining the issue on the motion to suppress as whether the search and seizure conformed to the Fourth Amendment. Parry submitted that the search and seizure did not, since the law enforcement officers had no warrant and the facts supported no exception to the warrant requirement. In *Parry I*, the State argued Parry consented, eliminating the need for a search warrant. The State also could have argued exigent circumstances and inevitable discovery but chose not to. The State's position and the dissent's observation collapse the governing issue into the arguments presented on that issue as if they were the same. Doing so largely negates law of the case and would preclude only repetition of the same arguments on an issue rather than relitigation of the issue.

The dissent then says it is unconvinced *Parry I* and this case should be treated as the same proceeding and cites authority for the propositions that criminal cases dismissed without prejudice may be refiled and that one district court judge may consider a pretrial ruling of another district court judge in a single criminal prosecution. But none of that authority entails comparable circumstances in which the State lost on an issue in the district court, took a proper interlocutory appeal challenging the ruling, lost in the appellate court, and *then* dismissed without prejudice to secure a new hearing on the issue. Nor does that authority have anything to do with how law of the case should apply

to give effect to an appellate ruling on an issue the State later attempts to relitigate in the district court.

This court's decision in *State v. Heigele*, 14 Kan. App. 2d 286, 789 P.2d 218 (1990), is similarly off the mark and provides neither controlling nor persuasive force for the dissent. There, the district court granted a defendant's motion to suppress as a sanction because the State twice failed to have witnesses available for the scheduled evidentiary hearing. So the district court never ruled on the merits of the motion. The State dismissed the case. Several months later, the State refiled the charges against Heigele. Another district court judge took judicial notice of the suppression order from the earlier case and held collateral estoppel required it be applied in the new case. A panel of this court reversed because collateral estoppel requires the adjudication of and a final judgment based on ultimate facts. 14 Kan. App. 2d at 287. The court reasoned that in a criminal prosecution, collateral estoppel operates no more broadly than the constitutional prohibition on double jeopardy and Heigele had not been placed in jeopardy in the first prosecution. 14 Kan. App. 2d at 287; see *Ashe v. Swenson*, 397 U.S. 436, 443-45, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970) (collateral estoppel incorporated into double-jeopardy protection of the Fifth Amendment to United States Constitution); *State v. Roberts*, 293 Kan. 29, Syl. ¶ 5, 259 P.3d 691 (2011) ("Jeopardy attaches only when a jury is impaneled and sworn or in a bench trial when the judge begins to receive evidence."). The panel in *Heigele* didn't consider or discuss law of the case. And there never was an appellate review of the original order sanctioning the State, a component of law of the case as we consider the rule.[*]

[*]We consider law of the case in terms of respect for the holding of an earlier appellate decision in the same proceeding. That is the sense of the rule discussed, for example, in *Collier*, 263 Kan. 629, Syl. ¶ 3. In that context, the rule commands considerable respect and may be disregarded only in compelling situations. It functions in tandem with the mandate rule, requiring a district court to conscientiously adhere to the mandate from an appellate court. 263 Kan. 629, Syl. ¶ 4. By way of contrast, the phrase "law of the case" occasionally may be invoked when one district court judge taking over

a case declines to reconsider a pretrial ruling made by another district court judge in the case. Most pretrial rulings are by their very nature interlocutory and may be reconsidered at any time. A district court judge may decline to revisit his or her own rulings absent good cause in the name of efficiency. So, too, one district court judge may extend professional respect to an earlier pretrial ruling by another district court judge, thereby promoting efficiency. But that sort of deference doesn't carry the same force as law of the case applicable to an earlier appellate decision on an issue.

Finally, the dissent's foray into the pleading requirement for res judicata and collateral estoppel as affirmative defenses in civil actions seems to be rather beside the point. We are dealing with neither doctrine nor a civil proceeding. Moreover, a motion to suppress evidence does not assert an affirmative defense to a criminal charge. Here, the State wants to use a technicality to sidestep an adverse appellate ruling on a matter of constitutional dimension in a criminal prosecution. An appellate court may properly question that approach, especially when the parties have been given a full and fair opportunity to address the relevant considerations. *State v. Puckett*, 230 Kan. 596, Syl. ¶¶ 1, 2, 640 P.2d 1198 (1982) (appellate court may raise and address issue affecting fundamental rights so long as parties have been given opportunity to brief matter); see *State v. Adams*, 283 Kan. 365, 367-68, 153 P.3d 512 (2007) (applying rule to consider matter parties had not raised on appeal); *State v. Douglas*, 47 Kan. App. 2d 734, 740, 279 P.3d 133 (2012) (same).

We affirm the district court's ruling granting Parry's second motion to suppress because the constitutionality of the search was foreclosed by the district court's original ruling and this court's decision affirming that ruling in *Parry I*. In short, law of the case disposes of the issue at this juncture.

Affirmed.

9

GARDNER, J., dissenting:  While I agree with the majority that the State should not piece-meal its theories about the legality of a search and try them seriatim, I do not agree that the law of the case doctrine applies here.

The law of the case doctrine is a discretionary policy of the trial court which is not generally raised in the first instance by an appellate court. "The law of the case doctrine is a discretionary policy which allows the court to refuse to reopen a matter already decided, without limiting its power to do so." *Davin v. Athletic Club of Overland Park*, 32 Kan. App. 2d 1240, 1242, 96 P.3d 687 (2004) (citing *Bichelmeyer Meats v. Atlantic Ins. Co*., 30 Kan. App. 2d 458, Syl. ¶ 2, 42 P.3d 1191 [2001]). The trial court is in the best position to determine whether to enforce that policy. Here, the law of the case doctrine was not raised below, was not raised on appeal, and played no part in the district court's decision.

This court raised the issue on its own initiative and invited the parties to file supplemental briefs regarding the law of the case doctrine. The parties did so. In its brief, the State contends the doctrine should not apply here because the issue previously examined by the Court of Appeals was solely consent, and the issues of exigent circumstances and inevitable discovery were not decided. The majority does not address that objection.

The State also contends that this is a separate case from *Parry I*. As the State points out in its supplemental brief, the State dismissed *Parry I* without prejudice and refiled the case anew. That is not a mere legal fiction to be overlooked. As generally understood, the phrase "without prejudice" means "'there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to

10

another application as though no suit had ever been brought.'" *Frost v. Hardin*, 1 Kan. App. 2d 464, 466, 571 P.2d 11 (1977), *aff'd* 224 Kan. 12, 577 P.2d 1172 (1978).

The majority dismisses the fact that two separate cases are involved by relying on cases which have held that in the "exceptional circumstance" when the State dismisses and refiles a case as a clear subterfuge to avoid dismissal under the speedy trial statute, the court can tack the time from one case on to another for purposes of computing speed trial time. See *State v. Goss*, 245 Kan. 189, 192, 777 P.2d 781 (1989). But such cases are not sufficiently analogous to persuade me that the two cases here should be considered a "single action" for purposes of the law of the case doctrine.

Such an approach overlooks our caselaw approving the State's dismissal and refiling of criminal cases for various reasons. See, *e.g.*, *State v. Zimmerman & Schmidt*, 233 Kan. 151, 155, 660 P.2d 960 (1983) (noting State may refile complaint or appeal the discharge of defendant resulting from a preliminary hearing); *State v. Rowland*, 172 Kan. 224, 227-28, 239 P.2d 949 (1952) (finding that where the State seeks and the district judge approves a dismissal without prejudice of the prior case, the procedure does not "prejudice a fresh prosecution on a new information charging the identical offense set forth in the prior information"). The Supreme Court has noted that a district judge may exercise discretion to re-entertain a motion to suppress evidence previously ruled on by another judge in the same case. *State v. Riedel*, 242 Kan. 834, 838, 752 P.2d 115 (1988); *State v. Jackson*, 213 Kan. 219, 226, 515 P.2d 1108 (1973); *State v. Olson,* 11 Kan. App. 2d 485, 488, 726 P.2d 1347, *rev. denied* 240 Kan. 805 (1986). And the Court of Appeals has held that a district judge has "both the discretion and the duty" to consider a suppression issue anew where the State receives a ruling on a suppression motion then dismisses the suit without prejudice, refiles the case, and raises the suppression issue again. *State v. Heigele*, 14 Kan. App. 2d 286, 288, 789 P.2d 218 (1990).

Where, as here, two separate suits are filed for whatever reason, the law of the case doctrine is inapplicable. In such situations, res judicata or collateral estoppel may apply. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979) (finding res judicata bars a second suit involving the same parties and the same cause of action once a judgment has been rendered on the merits by a court of law); *Collins v. State*, No. 99,462, 2009 WL 196194, at *4 (Kan. App. 2009) (unpublished opinion) (finding where the only differences between the two motions are a party's legal theories with respect to the facts, and not the operative facts themselves, the second motion is properly barred by claim preclusion).

It is unnecessary to examine whether all the elements of res judicata or collateral estoppel are present in this case, however, because in this jurisdiction those are affirmative defenses which this court cannot apply sua sponte.

> "Res judicata and collateral estoppel are affirmative defenses. K.S.A. 60-208(c); see *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 262, 261 P.3d 943 (2011). Under K.S.A. 60-208(c), affirmative defenses must be set forth in a defendant's answer. If an affirmative defense is not asserted in an answer, it is waived. *Turon State Bank v. Bozarth*, 235 Kan. 786, Syl. ¶ 1, 684 P.2d 419 (1984); *Coffman v. State*, 31 Kan. App. 2d 61, 67, 59 P.3d 1050 (2002)." *Church of God in Christ, Inc. v. Bd. of Trustees*, 47 Kan. App. 2d 674, 685, 280 P.3d 795 (2012).

A district court commits error by raising an affirmative defense on its own initiative. *Estate of Belden v. Brown County*., 46 Kan. App. 2d 247, Syl. ¶ 2, 261 P.3d 943 (2011). Here, no preclusion theory was raised by a party below or on appeal, and none played any part in the district court's decision. This court lacks the authority to assert res judicata or collateral estoppel sua sponte on appeal.

I disagree with the sole basis for the decision given by the majority but given the procedural posture of the case believe any discussion of the merits of the suppression issue would be merely advisory. Accordingly, I dissent.