IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,130

STATE OF KANSAS,
*Appellant*,

v.

DOMINIC PARRY,
*Appellee.*

SYLLABUS BY THE COURT

1.

The law of the case doctrine prevents a party from relitigating an issue already decided within successive stages of the same proceeding.

2.

An appellate court ordinarily will not consider an issue raised for the first time on appeal. But in limited circumstances, the court has discretion to review such an issue. One such circumstance is when the newly asserted issue involves only a legal question arising on undisputed facts that will be finally determinative of the case.

3.

Whether the law of the case doctrine bars a party from relitigating an issue is a legal question over which an appellate court has unlimited review.

Review of the judgment of the Court of Appeals in 51 Kan. App. 2d 928, 358 P.3d 101 (2015). Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed March 24, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Richard E. James*, county attorney, argued the cause, and *Derek Schmidt*, attorney general, was with him on the briefs for appellant.

*Phylemon C. Yau*, assistant public defender, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: The law of the case doctrine prevents a party from relitigating an issue already decided on appeal in successive stages of the same proceeding. See *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193, 1212, 308 P.3d 1238 (2013). In this appeal, we consider whether that doctrine prevents the State from relitigating an evidence suppression question in a second criminal prosecution after it lost on that question in an earlier appeal, then dismissed the first case, and refiled a new one against the same defendant on the same charges. A divided Court of Appeals panel applied the doctrine *sua sponte* and held the State could not argue the same suppression issue again in the subsequent prosecution. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In response to a report of a marijuana odor at an apartment building, a police officer knocked on the door where Dominic Parry lived with his girlfriend, Erica Keeler, and their two-year-old son. Parry and Keeler answered. As the door opened, the officer noticed a strong marijuana odor emanating from their apartment. When the officer questioned the smell, Keeler admitted she had smoked marijuana earlier in the day. Parry and Keeler refused the officer's request to search their apartment. The officer responded by saying he was going to apply for a search warrant, during which time the couple could not go back into the apartment even though the officer knew their son was inside and unattended.

2

Though the record does not conclusively establish what happened next, police ultimately performed a warrantless search of the apartment and discovered marijuana and drug paraphernalia. The State charged Parry with felony possession of marijuana as a repeat offender, a violation of K.S.A. 2015 Supp. 21-5706(b)(3), and possession of drug paraphernalia, a misdemeanor violation of K.S.A. 2015 Supp. 21-5709(b)(2).

Parry moved to suppress the evidence obtained during the warrantless search. The State justified the search by claiming Parry and Keeler had given their consent. After an evidentiary hearing, the district court rejected the State's justification and ordered the evidence suppressed. The State took an interlocutory appeal, and the Court of Appeals affirmed the district court's ruling. See *State v. Parry*, No. 110,671, 2014 WL 1708137 (Kan. App. 2014) (unpublished decision) (*Parry I*).

Undaunted, four days after the panel's decision, the State dismissed the first case without prejudice and then charged Parry again with the same offenses in a new case. Parry once more moved to suppress the evidence from the warrantless search, and the district court held another evidentiary hearing. This time the State advanced two new legal arguments to support the search's legality:  there were exigent circumstances excusing the need for a search warrant, or, alternatively, the drug evidence inevitably would have been discovered. The district court rejected both arguments and again granted Parry's suppression motion. The State filed yet another interlocutory appeal in an effort to reverse the district court's ruling on its new justifications for the warrantless search.

Neither side mentioned the law of the case doctrine in the initial briefing in the Court of Appeals, and the question was not addressed below in the district court. But the Court of Appeals on its own initiative requested supplemental briefing on the doctrine's potential applicability. Both sides complied without challenging the panel's authority to raise the issue *sua sponte*.

3

A panel majority affirmed the district court's second suppression order by applying the law of the case doctrine, holding: "[I]ts application preclude[d] the State from again litigating the constitutionality of the search of Parry's apartment in the renewed prosecution." *State v. Parry*, 51 Kan. App. 2d 928, 930, 358 P.3d 101 (2015) (*Parry II*). Because of this, the majority did not reach the merits of the State's revised legal theories concerning the evidence's suppression. See 51 Kan. App. 2d at 935.

Judge Kathryn Gardner dissented. She conceded as a matter of principle that "the State should not piece-meal its theories about the legality of a search and try them seriatim." 51 Kan. App. 2d at 936 (Gardner, J., dissenting). But she challenged the panel's authority to initiate the law of the case question on its own, noting the doctrine had not been argued below, played no part in the trial court's decision, and had not been raised on appeal by the parties. She also did not reach the merits of the State's new arguments. 51 Kan. App. 2d at 936-38.

We granted the State's petition for review. Two issues are presented: (1) whether the panel majority erred by addressing the law of the case doctrine *sua sponte*; and (2) if the panel did have that authority, whether the panel majority correctly applied the doctrine. Jurisdiction is proper. See K.S.A. 60-2101(b) (review of Court of Appeals decisions).

THE PANEL APPROPRIATELY RAISED THE DOCTRINE *SUA SPONTE*

The State argues first that "[t]he Court of Appeals erred in finding it had jurisdiction to perform an unlimited review over a common law affirmative defense not raised at the lower court." And as a general rule, it must be conceded that a reviewing court will consider only those matters the parties raised in trying their case. See *State v.*

4

*Puckett*, 230 Kan. 596, 598, 640 P.2d 1198 (1982). But because preservation is a prudential rule, rather than a jurisdictional bar, we have also held that an appellate court has discretion to apply exceptions to that general rule. *State v. Rizo*, 304 Kan. 974, 979, 377 P.3d 419 (2016). This discretion includes the *sua sponte* reaching of an issue not raised below or on appeal by either party. See *Puckett*, 230 Kan. at 600-01.

But just because an exception may permit review of an unpreserved issue, this alone does not obligate an appellate court to exercise its discretion and review the issue. See, *e.g.*, *State v. Herbel*, 296 Kan. 1101, 1116-20, 299 P.3d 292 (2013) (declining to consider constitutional issue for the first time on appeal due to lack of evidence in the record allowing the court to address the merits and because appellant did not supply a sound foundation for appellate review); *State v. Richmond*, 289 Kan. 419, 428-30, 212 P.3d 165 (2009) (rejecting review of evidence's admissibility because the evidence at issue was not finally determinative and because such an exception could swallow the general rule). In other words, our caselaw is clear that an appellate court has discretion to decide when to walk this path. See *State v. Stewart*, 24 Kan. 250, 251 (1880) ("[I]f any glaring error to the prejudice of the rights of an accused appeared, we might be constrained to notice it.").

Judicial discretion is abused if the judicial action taken was: (1) arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the court; (2) based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Woods*, 301 Kan. 852, 861, 348 P.3d 583 (2015).

The State incorrectly frames its argument in jurisdictional terms, but we will interpret its challenge as contending the panel majority abused its discretion by acting

5

based on an error of law, *i.e.*, believing it had authority to inject the law of the case question into these proceedings *sua sponte*. As reframed, we disagree with the State's position.

We note the State did not object to the panel's request for supplemental briefing until the decision was announced. Instead, the State waited until Judge Gardner dissented, after which it suddenly embraced a challenge to the doctrine's injection into this appeal—doing so for the first time in its petition for review. So to the extent the State complains about the panel majority's limited discussion about its authority to raise the doctrine *sua sponte*, this may be easily explained by the fact that the parties had not objected. Nonetheless, the majority justified its review by observing: (1) the facts and procedural history relevant to considering the law of the case doctrine were undisputed; (2) the doctrine's application presented only a legal question; and (3) a remand for the district court to consider only this point of law would be unnecessary and wasteful of judicial resources. *Parry II*, 51 Kan. App. 2d at 930. It further addressed the dissent's mischaracterization of the doctrine as an affirmative defense akin to res judicata or collateral estoppel in a civil case by commenting:

> "We are dealing with neither [the res judicata or collateral estoppel] doctrine nor a civil proceeding. Moreover, a motion to suppress evidence does not assert an affirmative defense to a criminal charge. Here, the State wants to use a technicality to sidestep an adverse appellate ruling on a matter of constitutional dimension in a criminal prosecution. An appellate court may properly question that approach, especially when the parties have been given a full and fair opportunity to address the relevant considerations." 51 Kan. App. 2d at 935.

We do not believe the panel's *sua sponte* decision was guided by an erroneous view of the law. We have held that an exception to the general rule against considering an issue for the first time on appeal exists when the issue "involves only a question of law

6

arising on proved or admitted facts and which is finally determinative of the case." *Pierce v. Board of County Commissioners*, 200 Kan. 74, 80-81, 434 P.2d 858 (1967). And the law of the case doctrine's application presents a legal question like other preclusionary principles such as collateral estoppel and res judicata. See *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013); *In re Care & Treatment of Sporn*, 289 Kan. 681, 686, 215 P.3d 615 (2009) ("The applicability of res judicata or collateral estoppel is a question of law, subject to unlimited review."); *State v. Collier*, 263 Kan. 629, 634, 952 P.2d 1326 (1998) (quoting Note, McDonald's Corp. v. Hawkins *and the "Law of the Case" Doctrine in Arkansas*, 50 Ark. L. Rev. 127, 130-31 [1997]).

Also, the State concedes, as it must, that the applicability of a common-law doctrine is a legal issue over which an appellate court has unlimited review. See *Simmons v. Porter*, 298 Kan. 299, 304, 312 P.3d 345 (2013). Moreover, there are no asserted factual or procedural matters in controversy, and the doctrine, if it applies, is dispositive of the appeal. Finally, it is obvious the parties had a full and fair opportunity to address the question through supplemental briefing. See *Parry II*, 51 Kan. App. 2d at 930, 935.

As such, we discern no basis to believe the panel majority based its exercise of discretion on an error of law. We hold the panel majority properly raised the law of the case doctrine's applicability on its own initiative and proceed to the second question in this appeal.

## THE PANEL MAJORITY PROPERLY APPLIED THE DOCTRINE

Whether the law of the case doctrine barred a party from relitigating an issue is a legal question over which an appellate court has unlimited review. See *Dumler v. Kansas Dept. of Revenue*, 302 Kan. 420, 425, 354 P.3d 519 (2015) (questions of law reviewed de novo). The doctrine has equal application in criminal cases. See, *e.g.*, *Collier*, 263 Kan. at

7

631 (applying law of case doctrine to bar relitigation of sentencing issue decided in prior appeal); *State v. Humphrey*, 258 Kan. 351, 368, 905 P.2d 664 (1995) ("[B]ecause this court's decision on this issue in *Humphrey I* is the settled law of the case, the issue will not be reconsidered in this appeal."), *modified on other grounds* 258 Kan. 372, 905 P.2d 664 (1995); *State v. West*, 46 Kan. App. 2d 732, 735-36, 281 P.3d 529 (2011) (determination in prior appeal that counts for sale of cocaine were severity level 1 offenses was law of case on subsequent appeal following remand for resentencing).

Courts adhere to the law of the case "'to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts. [Citation omitted.]'" *Collier*, 263 Kan. at 631. These purposes have long been part of our state's judicial fabric. See *Headley v. Challiss*, 15 Kan. 602, 607 (1875) ("A party may not settle the law of his case by piecemeal before this court, any more than he may settle the facts in that way before the district court. When the case is tried, he must be prepared to present his entire claim, or his entire defense.").

Our caselaw has applied the law of the case doctrine in various situations relevant to this appeal. One is in a second appeal brought in the same case. In that instance, the first decision is generally the settled law of the case on all questions involved in the first appeal and reconsideration will not normally be given to those questions. See *State v. Kleypas*, 305 Kan. 224, 244, 382 P.3d 373 (2016). Another is on remand to a lower court from an appellate court. In this situation, in the context of a trial court acting on remand from an appellate court, the so-called "mandate rule" under K.S.A. 20-108 and K.S.A. 60-2106 compels the trial court to proceed in accordance with the mandate and the law of the case as established on appeal. See *Collier*, 263 Kan. 629, Syl. ¶ 4. Finally, our caselaw notes the doctrine applies not only to matters actually decided in the prior

8

proceedings, but also to matters for which the party failed to seek review in a prior proceeding. See *Smith v. Bassett*, 159 Kan. 128, Syl. ¶ 3, 152 P.2d 794 (1944). The issue decided against the State in *Parry I* is the same issue the State seeks to pursue in this second prosecution, *i.e.*, whether the evidence seized from Parry's apartment should be suppressed.

Under the Fourth and Fourteenth Amendments to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights, a warrantless entry into a private dwelling is considered per se unreasonable and invalid. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971); *State v. Brittingham*, 296 Kan. 597, 601, 294 P.3d 263 (2013). When challenged, it is the State's burden to demonstrate that a warrantless entry and the ensuing search and seizure were lawful. The State does this by fitting within one or more of the recognized exceptions to the warrant requirement. *State v. Richard*, 300 Kan. 715, 726, 333 P.3d 179 (2014). Those exceptions are: "consent; search incident to lawful arrest; stop and frisk; probable cause to search accompanied by exigent circumstances, of which hot pursuit is one example; emergency aid; inventory searches; plain view; and administrative searches of closely regulated businesses." *State v. Neighbors*, 299 Kan. 234, 239, 328 P.3d 1081 (2014).

It was the State's obligation to demonstrate which recognized exception or exceptions permitted the officers' warrantless entry and subsequent seizure of the marijuana and paraphernalia evidence once Parry challenged the search. In *Parry I*, the only exception the State pursued was the occupants' alleged consent. This exception required the State to come forward with: (1) clear and positive testimony that the claimed consent was unequivocal, specific, and freely given; and (2) a showing that the consent was given without duress or coercion, express or implied. See *Richard*, 300 Kan. at 729. The district court rejected the only proffered justification for the warrantless search and ordered the evidence suppressed. Its ruling was affirmed by the Court of

9

Appeals. *Parry I*, 2014 WL 1708137, at *4. In other words, in *Parry I* the State failed to sustain its burden to demonstrate the evidence was lawfully seized. Now it is attempting to meet that same burden with respect to the same search and seizure by advancing new arguments in this second prosecution.

This brings us to the central issue: whether the law of the case on the evidence suppression question as settled in *Parry I* applies in this new proceeding. More precisely, are the proceedings in this case successive stages of the same suit as *Parry I*? The panel majority concluded these cases should be treated as a single proceeding, "even though, technically, this case is not the same case as *Parry I.*" *Parry II*, 51 Kan. App. 2d at 931. We agree.

Typically, after a decision affirming the evidence's suppression, as in *Parry I*, a case would have returned to the district court for the State to decide if it could proceed without the suppressed evidence. But instead, in its prosecution against Parry, the State dismissed the first case against him without prejudice and then refiled the same criminal charges under a new case number. The State admits its purpose in doing this was to have a technically "new" case, in which to try again to meet its burden to justify the officers' warrantless search. As the panel majority aptly described it, "The State wanted a do-over on the issue of the constitutionality of the police search of Parry's residence and the seizure of the marijuana and paraphernalia from inside the home, so it could assert arguments it failed to raise during the first hearing." *Parry II*, 51 Kan. App. 2d at 931.

There is no dispute that a county attorney has the legal authority to dismiss and refile criminal charges. See *State v. Ratley*, 253 Kan. 394, 401, 855 P.2d 943 (1993) ("The district attorney is the representative of the state in criminal prosecutions. He controls criminal prosecutions. He has the authority to dismiss any charge . . . ."); *State v. Hanson*, 280 Kan. 709, 719, 124 P.3d 486 (2005) (holding jeopardy did not attach to de

10

novo appeal to district court from magistrate court conviction, so State could refile same charges after district court dismissed appeal without prejudice). But this alone does not mean an issue decided in the previous criminal action has no preclusive effect in the new one. For this reason, *State v. Zimmerman & Schmidt*, 233 Kan. 151, 660 P.2d 960 (1983), *State v. Rowland*, 172 Kan. 224, 239 P.2d 949 (1952), and other related cases, illustrating the State's power to dismiss and refile criminal cases, cited in Judge Gardner's dissent and embraced by the State, are not dispositive. See *Parry II*, 51 Kan. App. 2d at 937.

With Parry, the State refiled identical criminal charges on the same facts against the same defendant after losing the first interlocutory appeal just so it could repackage the same issue it had already lost. It did so only as a means to revive a dead issue. And to ignore this reality would defeat the long standing purposes supporting the law of the case doctrine. See Poulin, *Prosecution Use of Estoppel and Related Doctrines in Criminal Cases: Promoting Consistency, Tolerating Inconsistency*, 64 Rutgers L. Rev. 409, 428 n.79 (2012) ("Rulings favorable to the defendant should be treated as law of the case, otherwise the government could dismiss and refile to effectively void an unfavorable pretrial ruling.").

As the panel majority recited, this court has viewed the filing of the same criminal charges against the same defendant in successive cases as a single action for purposes of computing speedy trial times under K.S.A. 22-3402. See *Parry II*, 51 Kan. App. 2d at 931 (citing *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 277-78, 589 P.2d 626 [1979], and *State v. Goss*, 245 Kan. 189, 192, 777 P.2d 781 [1989] [characterizing circumstances when the State obviously dismisses and refiles criminal charges to avoid the speedy trial requirements as a subterfuge]). The panel majority further commented:

> "The State has dismissed and refiled criminal charges to evade an appellate decision confirming that Parry's Fourth Amendment rights were violated in a search of his home.

The State wants to garner another hearing in the district court to make additional arguments on the issue. Law of the case aims to prevent precisely that sort of repetitive airing of points already decided in the district court and reviewed on appeal. If the doctrine were inapplicable in this situation, the State, in the face of an adverse decision on the merits in this appeal, could again dismiss, refile, and get yet a third opportunity to argue the issue—with no end in sight." *Parry II*, 51 Kan. App. 2d at 932.

We agree. Parry's second prosecution amounted to a successive stage in the same criminal prosecution, in which the State had already litigated—and lost—the suppression issue. Accordingly, we affirm the panel majority's determination to invoke the law of the case doctrine to uphold the district court's granting of Parry's second motion to suppress the evidence secured in the warrantless search.

Affirmed.